**Raleigh H. LAWHON, as President of R. H. Lawhon Groves, Inc., et al., Appellants,**

v.

**UNITED STATES of America and Frank W. Bown, Special Agent of the Internal Revenue Service, Appellees.**

No. 24763.

United States Court of Appeals
Fifth Circuit.

March 21, 1968.

Motion for Reconsideration Denied
June 13, 1968.

Norman H. Lipoff, Thomas D. Aitken, Michel G. Emmanuel, H. Diane Breithaupt, Carlton, Fields, Ward Emmanuel, Smith & Cutler, Tampa, Fla., for appellants.

William A. Meadows, Jr., U. S. Atty., Tampa, Fla., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, John M. Brant, John P. Burke, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before TUTTLE and GOLDBERG, Circuit Judges, and HOOPER, District Judge.

PER CURIAM:

It appearing without dispute that the books and records of the Lawhon corporations, which were the subject of the order to produce entered by the trial court in this case, have long since been produced and have subsequently been returned to the corporations, there is nothing on this appeal for this court to decide.

The appeal is dismissed for mootness.

ON MOTION FOR RECONSIDERATION

The motion for reconsideration is denied. This motion, in effect, seeks to have this court give an advisory opinion as to the admissibility in evidence of the records or their product in the event of a subsequent criminal trial. Such event may not occur. This court passes no judgment on the question whether, if the mooted records are used in a subsequent prosecution of the taxpayers, if there be one, their introduction would be forbidden as violating the constitutional rights of the defendants.

■

**Edward Earle BECK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24768.

United States Court of Appeals
Fifth Circuit.

March 20, 1968.

W. F. Walsh, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Since Beck's first trial in December, 1961, for smuggling marihuana in violation of 21 U.S.C. Sec. 176a, enough has already been written[1] and more than enough time has elapsed since the offense for which he has now been twice convicted by juries.

The extremely technical and insubstantial questions now presented do not justify writing more, or delaying further the execution of the sentence imposed.

The conviction now appealed from is ordered affirmed.

---

1. Beck v. United States of America, 5 Cir., 317 F.2d 865, cert. den. 375 U.S. 972, 84 S.Ct. 480, 11 L.Ed.2d 419, rehearing den. 376 U.S. 929, 84 S.Ct. 656, 11 L.Ed. 2d 627 and Beck v. United States of America, 5 Cir., 367 F.2d 865.