**J. W. BALDRIDGE et al., Appellants,**

v.

**UNITED STATES of America and Donald B. Nettles, Special Agent of the Internal Revenue Service, Appellees.**

**No. 26153.**

United States Court of Appeals
Fifth Circuit.

Jan. 16, 1969.

Gerald H. Beckman, Houston, Tex., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Tax Div., Meyer Rothwacks, Joseph M. Howard, John M. Brant, Attys., Dept. of Justice, Washington, D. C., Morton L. Susman, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for appellees.

Before ALDRICH,* GODBOLD and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court entered March 20, 1968, enforcing an Internal Revenue Summons requiring the production of work papers made, used, and kept by Baldridge, an independent public accountant, in the course of preparing tax returns for the taxpayers, Charles A. Reich and his wife.

On July 31, 1968, the appellants produced the documents called for by the summons and fully complied with the order of the District Court.

There is nothing on this appeal for this Court to decide. The case is moot. Grathwohl, et al. v. United States, et al., 5 Cir. 1968, 401 F.2d 166; Lawhon v. United States, 5 Cir. 1968, 390 F.2d 663.

We do not share appellants' view that their specification of errors in this case raises questions of substantial public interest which should survive mootness. Nor are we called upon, as appellants urge, to determine whether the records would be admissible in a subsequent criminal or civil trial. As we said in Lawhon:

> The motion for reconsideration is denied. This motion, in effect, seeks to have this court give an advisory opinion as to the admissibility in evidence of the records or their product in the event of a subsequent criminal trial. Such event may not occur. This court passes no judgment on the question whether, if the mooted records are used in a subsequent prosecution of the taxpayers, if there be one, their introduction would be forbidden as violating the constitutional rights of the defendants.

While the government concededly insisted before the District Court that the production of the records by appellants would not moot their appeal, there is no suggestion that this was a deliberate misstatement of the law. In fact, neither Lawhon nor Grathwohl was decided or published until after the trial court's decision in this case. In any event, our determination of mootness vel non cannot be circumscribed by prognostications of counsel in the trial court.

The judgment below is vacated and the case remanded to the District Court with directions to dismiss the proceedings as moot. Troy State University v. Dickey, 5 Cir. 1968, 402 F.2d 515.

Vacated, remanded with directions.

ALDRICH, Circuit Judge (dubitante).

If I had to cast the deciding vote I might find it somewhat difficult to accept that if the government seeks court relief to take from A certain property which A asserts is the property of B, in which eventuality a government taking would violate B's Fifth Amendment rights, review of the court's order is mooted and all rights of appeal are lost if A, denied a stay pending appeal, chooses to surrender the property as against electing to spend up to a year in jail. A bailee has an obligation to protect property, but not to that extent. However, I need not pursue this matter in this case, and merely note my reservations.

* Of the First Circuit, sitting by designation.