**UNITED STATES of America and M. L. Bankester, Revenue Agent, Internal Revenue Service, Petitioners,**

v.

**FIRST AMERICAN BANK, Respondent,**

and

**Victor E. Lockman and Jean M. Lockman, Intervenors.**

No. P–Misc. 80–26.

United States District Court, N. D. Florida, Pensacola Division.

July 14, 1980.

On Petition for Enforcement Aug. 22, 1980.

---

Nicholas P. Geeker, U. S. Atty., Thomas R. Santurri, Asst. U. S. Atty., Pensacola, Fla., for petitioners.

No appearance for defendant First American Bank.

Victor E. Lockman and Jean M. Lockman, pro se.

## ORDER

ARNOW, Chief Judge.

■ In this proceeding the petitioners seek to enforce an Internal Revenue Service summons served on the respondent. The taxpayers whom the IRS is investigating have asserted their right to intervene and have ordered the respondent not to comply with the summons. *See* Title 26 U.S.C. § 7609(b)(1) and (2) (right to intervene and to stay compliance with summons). A hearing to show cause why the summons should not be enforced is scheduled for August 7, 1980. At the hearing the burden is on the intervenors "to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." *United States v. LaSalle National Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). Intervenors have propounded interrogatories to various officials of the Internal Revenue Service for the purpose of acquiring information necessary to meet this burden. The petitioners have responded with motions for a protective order and to quash interrogatories.

■ The burden on those opposing enforcement of a summons is a heavy one. *United States v. LaSalle National Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). To negate a proper purpose in issuing the summons, the intervenors in this case must establish that the Internal Revenue Service had no basis to inquire into their civil tax liability. In *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969), the court held that where a taxpayer has questioned the purpose of an IRS summons,

it is proper to permit the taxpayer to investigate further whether the IRS is, indeed, conducting an inquiry into civil tax liability. In a later case, however, the Court of Appeals for the Fifth Circuit recognized that discovery by a taxpayer in a summons enforcement proceeding should be restricted because of the paucity of relevant issues and the potential of overburdening the IRS in civil investigations. *United States v. Garrett*, 571 F.2d 1323, 1326–27 (5th Cir. 1978).

In order to reconcile the conflicting interests of the taxpayer and the IRS, the *Garrett* court stated that a solution would be for:

> "the district court to proceed directly to a hearing at which, if desired, the summonee could examine the agent who issued the summons, concerning his purpose. The court could then, by observation and, where necessary, its own questioning of the agent, make its own determination of whether exploration, as by discovery, seemed to be in order."

*Id.* at 1327 (quoting *United States v. Wright Motor, Inc.*, 536 F.2d 1090, 1095 (5th Cir. 1976)); *see United States v. Ladd*, 471 F.Supp, 1150, 1153–54 n.3 (N.D.Tex.1979) and *United States v. Combank/Casselberry*, 79–1 U.S.T.C. par. 9200 at 86,354 (M.D.Fla. 1979) (adopting approach recommended in *Garrett* and *Wright Motor.*)

This court believes that the proper approach is the one noted above. At the hearing on August 7, 1980 the intervenors will have full opportunity to question the IRS agents as to the service's purposes in conducting its investigation. In this manner the court will be able to determine whether there is a need for further discovery. Until that time, however, discovery must be suspended.

■ The court notes that the intervenors have also requested the petitioners to produce documents on the fifth day after the request was served upon petitioners. As the petitioner points out, such a request is not in accordance with Rule 34(b) of the Federal Rules of Civil Procedure which permits a party requested to produce documents 30 days to respond. In addition, the petitioners contend that the request for production of documents is burdensome and unreasonable. The proper procedural vehicle to obtain production of documents is Rule 34. When an objection to such a request is made, a party may move for an order compelling discovery under F.R.Civ.P. 37(a)(2). As no motion has been filed, the request, in its present status, presents no justiciable issue to be decided. Furthermore, it is the view of the court that there is no need for discovery by the intervenor until the hearing when it shall be decided whether discovery is necessary.

In light of the preceding discussion, it is ORDERED that petitioners' motions for a protective order and to quash interrogatories are granted. Such order is without prejudice to the intervenors to conduct discovery if it should be determined at the hearing that discovery is warranted.

## ON PETITION FOR ENFORCEMENT

Here the petitioners seeks an enforcement of an IRS summons to a bank to appear and give testimony and produce designated records in a tax inquiry into taxpayers' liability for the years 1977, 1978 and 1979. The taxpayers have intervened and object.

This court, by its order of July 14, 1980, following what it believes to be appropriate procedure under *United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978); *United States v. Wright Motor Company, Inc.*, 536 F.2d 1090 (5th Cir. 1976), and other cases, scheduled a hearing for the purpose of allowing the summonee to examine the agent who issued the summons concerning his purpose and for the court, by observation and, where necessary, its own questioning of the agent, to make its own determination of whether further exploration, by way of discovery, seemed in order. That hearing has been held.

The respondent did not appear and has not objected. However, the intervenors have appeared, objected and were heard at the hearing.

■ Under *United States v. LaSalle*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), an IRS summons may be used for the purpose of determining the liability for any internal revenue tax, including its use for examination of suspected tax fraud, and the 50% civil penalty. It may not be used solely to aid criminal investigation and it must be used in good faith.

■ Under *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the IRS, in a case where there has been no referral to the Department of Justice for possible criminal prosecution, establishes a prima facie case of good faith when it shows that the investigation was for and will be conducted in pursuit of a legitimate purpose, that the inquiry may be relevant to that purpose, that the IRS is not currently in possession of the information sought, and all the administrative steps required by the Code have been followed. Once the IRS establishes a prima facie case for enforcement, the burden shifts to the taxpayer to show that enforcement will be an abuse of the court's process.

■ Here the IRS has made its showing. The agent in charge, primarily involved in civil investigation, has not even made any recommendation about criminal prosecution. The IRS itself has not recommended criminal prosecution to the Department of Justice. To the contrary, at the present time at least, the IRS has rejected the making of a criminal prosecution recommendation.

It did so based on some religious policy, apparently because the records of some religious organizations are sought in connection with this inquiry. It is not clear to this court exactly what kind of policy that may be, but it is clear that, for whatever reasons there were, IRS has, at the present time at least, rejected the idea of recommending criminal prosecution against the intervenors.

On the record here the IRS summons was issued to obtain documents in connection with the agent's civil tax liability investigation and was issued in pursuit of a legitimate purpose.

The record also establishes that the inquiry being conducted may be relevant to that purpose.

Under the evidence before the court the IRS agent issuing the summons is seeking bank records pertaining not only to these intervenors but also matters in the bank in the names of three apparently religious organizations. He was queried respecting his reasons. He stated he sought these records because he had information that the employer of intervenor Victor E. Lockman, during at least a part of the period involved, had, at Mr. Lockman's direction, paid to at least two of these organizations monies that were payable to him by virtue of his employment. Insofar as the third organization was concerned, he was advised that real estate owned by these intervenors had been transferred to that organization and he believed that, because of the other information, investigation of its records might establish whether or not other monies had also been paid by these intervenors to that organization which should properly have been accounted for on income tax returns.

The agent's undisputed testimony was that the IRS has none of the information sought by these subpoenas. In addition, all of the administrative steps required by the Code itself have been followed.

From the testimony, undisputed on the record, taxpayers have filed what was called a "head tax" return for the year 1977, and paid with it $6.00. So far as the agent knows, the taxpayers have neither filed nor paid anything for the years 1978 and 1979.

In matter filed before this court, intervenors raised numerous objections. At the hearing the intervenors focused on their contention that this was an investigation being conducted for criminal purposes.

Yet it is clear beyond cavil that there has not been a recommendation from IRS to the Justice Department, that this investigation is focused at the present time on a valid civil tax liability determination and that

there is no evidence tendered to raise even any suspicion that it is not proceeding in entire and complete good faith for a valid purpose under the statute.

In various matter before this court intervenors have raised other contentions.

One of them is that the IRS has classified intervenors as illegal tax protestors, has abandoned, in an institutional sense, the pursuit of a civil tax determination, and is merely trying to gather additional evidence to aid the prosecution. Yet there is no shred of evidence before this court to support such conclusory statement of intervenors. There is no basis for believing that this civil tax determination, now in its initial stage, has been abandoned nor for believing that there has, or might have, been an institutional commitment to make a referral to the Department of Justice for prosecution, with its present process being used only and solely for the purpose of gathering additional evidence to aid the prosecution.

In a motion before the court intervenors argue that the manual of the IRS, setting forth guidelines for processing purposes those classified as "tax protestors", itself constitutes a commitment to prosecute. That argument, farfetched in any event, misses the mark. It could be that the actions of these intervenors may or may not subject them to criminal prosecution. The question is not whether intervenors, by their actions, may bring a criminal prosecution upon themselves. The question is whether the IRS is improperly using its authorized subpoena for improper purposes and not in good faith. On the record here there is actual civil liability to be resolved and determined, the IRS is proceeding with its duty under the law, and it is proceeding for proper purposes and in good faith.

■ In various matters before the court, the intervenors claim harassment and, in statements made in argument at this hearing, contend harassment. In what apparently is tendered as an affidavit–it is certified as being true but is not sworn to before any officer authorized to administer oaths– the intervenors list a series of incidents going back to 1975 that intervenors say establish that this is being done only for the purpose of harassing these intervenors.

At the hearing intervenors, though afforded opportunity to do so, chose not to present sworn testimony on this or any other matter.

However, conceding arguendo these statements of intervenors, they establish only that the intervenors have been the subject of ongoing investigations for a number of years including as far back as 1975. Moreover, on the face of them it would appear that the intervenors have not cooperated in any way or to any degree with the IRS in its investigation and that, to the contrary, intervenors have resisted all attempts to obtain tax information.

Intervenors have the right, under the law, to object in these or other proceedings to the enforcement of the IRS summons. But that right, given them in our nation of ordered liberty under law, may not be transmogrified into mockery of the law and obstruction of justice. Their claims of harassment, stemming from the efforts of IRS to discharge its statutory duty, and resisted at every step by intervenors, with the agent's task thereby made more difficult, can under no stretch of the imagination be considered as unlawful harassment. Whatever problems these efforts of IRS have caused intervenors are problems they have brought upon themselves.

Under *LaSalle*, and other cases, intervenors possess a heavy burden. They must disprove the actual existence of a valid good faith civil tax determination inquiry. They have fallen far short of meeting that burden.

Intervenors here sought broad discovery. The purpose of the hearing held has been to allow intervenors to examine the agent in accordance with the various decisions and for the court to make determination respecting them and whether further discovery is warranted or needed.

■ Unlimited discovery in a matter of this kind is neither warranted nor justified

and, under all of the cases, should not be allowed. Discovery in any event could and should be limited only to the good faith purpose and use of the summons. Intervenors here have shown nothing in support of their conclusionary charges, and nothing warranting further discovery. There has been presented no evidence that can in any way lead to a conclusion that the IRS here is abusing its process or is acting in bad faith.

The agent's testimony, establishing a good faith and valid civil tax determination investigation, is completely credible and believable.

Moreover, sometimes actions speak louder than words, and they so speak here. Intervenors' failure to file required income tax returns for the years in question bolsters Mr. Bankester's testimony, and establishes beyond dispute the fact that there is here an ongoing valid civil tax determination pursued in good faith by the IRS in discharge of its obligations and responsibilities under the law.

Already intervenors have delayed IRS unreasonably in pursuit of its valid civil tax determination. They should not be permitted longer to do so.

For the reasons stated the objections of intervenors in this case will be overruled and order will be entered giving the petitioners the relief sought in the petition filed.