626 F.2d 1227
 80-2 USTC P 9699
 UNITED STATES of America and Internal Revenue Service
Officer, Stephen P. Howard, Plaintiffs-Appellees,
v.
FIRST STATE BANK OF CLUTE and Jerome F. Heinlen, Executive
Vice President of First State Bank of Clute, Defendants,
and
Darwin Dale Jarvis, Intervenor-Appellant.
 No. 79-3472
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 Oct. 1, 1980.
 Darwin Dale Jarvis, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Sec., Charles E. Brookhart, Donald B. Susswein, Tax. Div., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a district court order enforcing an Internal Revenue Service summons. The Internal Revenue Service, under the authority of 26 U.S.C. § 7602, directed summonses to respondent, First State Bank of Clute, seeking financial records of respondent relating to the tax liabilities of appellant Darwin Dale Jarvis and his wife. Appellant Jarvis, appearing pro se, intervened in the enforcement proceedings. Jarvis not only charged that various constitutional rights had been violated, but also requested dismissal of the proceedings for lack of jurisdiction, appointment of a panel of three judges, trial by jury, declaratory judgment in his favor, costs, and reasonable attorneys fees. The court below clearly had the power to order the enforcement of an IRS summons, 26 U.S.C. §§ 7402, 7604, and did so. Jarvis filed a motion in district court to stay enforcement of the order pending appeal which was denied. On appeal Jarvis renews his previous allegations and adds that denial of the stay was improper.
 
 
 2
 The United States argues that this case should be dismissed as moot. It is clear that upon denial by the district court of appellant's motion to stay the order enforcing the summonses, the respondents obeyed the order and fully complied with the terms of the summonses. We agree that as to compliance with the order, there is no controversy and the case is moot. See, United States v. Hankins, 5 Cir., 1978, 565 F.2d 1344, 1350, cert. denied, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); United States v. Carpenter, 5 Cir., 1970, 425 F.2d 264, 265; Baldridge v. United States, 5 Cir., 1969, 406 F.2d 526, 527.
 
 
 3
 Compliance is not the only issue, however. Among his numerous contentions, Jarvis denounces the constitutionality of the summons procedure as applied to him and charges that the district court lacked jurisdiction. Although these allegations are not moot, we agree with the district order that they are "frivolous and totally without merit." Appellant failed to raise any valid defense to the enforcement of the summonses, and also failed to show evidence that would satisfy the criteria necessary to entitle him to a stay. See, Pitcher v. Laird, 5 Cir., 1969, 415 F.2d 743, 744-45. Since Jarvis, who bears the burden of demonstrating that the district court abused its process in this case, Donaldson v. United States, 400 U.S. 517, 527, 91 S.Ct. 534, 540, 27 L.Ed.2d 580, 587 (1971); United States v. Powell, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112, 120 (1964), has failed to show any lawful reason why this summons should not be enforced, the judgment of the district court must be affirmed.
 
 
 4
 AFFIRMED.