649 F.2d 288
 81-2 USTC P 9530
 UNITED STATES of America and M. L. Bankester, Revenue Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
FIRST AMERICAN BANK, Respondent,
Victor E. Lockman and Jean M. Lockman, Intervenors-Appellants.
 No. 80-5673
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit B
 June 29, 1981.
 Victor E. Lockman, pro se.
 Jean M. Lockman, pro se.
 Thomas R. Santurri, Asst. U. S. Atty., Pensacola, Fla., M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, John F. Murray, Acting Asst. Atty. Gen., Charles E. Brookhart, John A. Dudeck, Jr., Tax Division, Dept. of Justice, Washington, D.C., for petitioners-appellees.
 Appeal from the United States District Court for the Northern District of Florida.
 Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 The Internal Revenue Service brought this action to enforce summonses served on the First American Bank requiring production of bank records for savings and checking accounts maintained in the names of Victor E. and Jean M. Lockman, the Christian Missionary Tract Society, Inc., the Theonomic Fellowship, and the Miletus Church, Inc.[1] Appellants intervened and resisted production of the bank records, alleging that the summonses were issued solely in aid of a criminal prosecution. See U. S. v. LaSalle National Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); Donaldson v. U.S., 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).
 
 
 2
 The district court, 504 F.Supp. 90, determined that appellants had failed to meet the burden of proving that the summonses had no civil investigative purpose and ordered the bank to deliver the records to the IRS. The day before the district court entered this order, however, IRS Agent Bankester obtained all of the requested records from the bank. Under the established law of this circuit, therefore, this case is moot. U.S. v. Carpenter, 425 F.2d 264 (5th Cir. 1970); Baldridge v. U.S., 406 F.2d 526 (5th Cir. 1969); Grathwohl v. U.S., 401 F.2d 166 (5th Cir. 1968); Lawhon v. U.S., 390 F.2d 663 (5th Cir. 1968).
 
 
 3
 Appellants contend, however, that the district court erred in determining that the summonses had a valid civil investigative purpose and that Agent Bankester, by obtaining the records from the bank after the district court announced its decision but before it entered its order, violated the automatic stay provision of Fed.R.Civ.P. 62(a).[2] They argue that these issues are not moot because, if their contentions are correct, the IRS cannot use the documents so obtained in any future civil or criminal proceeding. The possibility that evidence must be suppressed in a future proceeding, however, is not enough to prevent mootness in this case.
 
 
 4
 Appellants rely on U.S. v. First State Bank of Clute, 626 F.2d 1227 (5th Cir. 1980). Clute stated that although the issue of compliance with an IRS summons was moot, allegations of unconstitutionality of the summons procedure as applied were not moot, and then found these allegations were frivolous and without merit. The statement of non-mootness of the constitutional claims is by a single clause in one sentence, without stated analysis, reasoning, or citation of authority. Clute did not purport to overrule, indeed did not even refer to Lawhon, supra, in which, upon motion for reconsideration, the court held:
 
 
 5
 This motion, in effect, seeks to have this court give an advisory opinion as to the admissibility in evidence of the records or their product in the event of a subsequent criminal trial. Such event may not occur. This court passes no judgment on the question whether, if the mooted records are used in a subsequent prosecution of the taxpayers, if there be one, their introduction would be forbidden as violating the constitutional rights of the defendants.
 
 
 6
 390 F.2d at 663. Since Clute was decided we have found mootness in U.S. v. Citizens and Southern National Bank, 640 F.2d 383 (5th Cir. 1981), and U.S. v. Farmers Bank, 640 F.2d 383 (5th Cir. 1981). See also G.M. Leasing Corp. v. U.S., 429 U.S. 338, 359, 97 S.Ct. 619, 632, 50 L.Ed.2d 530, 548 (1977) (proper time for determining whether corporate records seized in violation of fourth amendment must be suppressed is in proceeding in which government seeks to introduce them).
 
 
 7
 In this situation where we are faced with contradictory opinions within our own circuit, we elect to follow Lawhon and our other cases and decline to follow Clute (which, as far as we can determine, has not been followed in any other case).
 
 
 8
 The judgment below is VACATED and the case is REMANDED to the district court with directions to dismiss the proceedings as moot.[3]
 
 
 
 [1]
 The IRS sought the bank records relating to the three religious organizations because of information indicating that investigation of these records might establish that money had been assigned to the organizations that should have been reported on the Lockmans' tax returns
 
 
 [2]
 Fed.R.Civ.P. 62(a) provides in pertinent part that "(e)xcept as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." Because of our disposition of this case we express no opinion on the applicability of this provision to orders enforcing IRS summonses
 
 
 [3]
 By so vacating the judgment below, we do not foreclose appellants' right to challenge the validity of the evidence produced by the summonses in a possible future criminal proceeding. United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950)