655 F.2d 54
 81-2 USTC P 9703
 UNITED STATES of America and Charles A. Bandel, Special
Agent, Internal Revenue Service, Petitioners-Appellees,
v.
Donald J. SWEET, C.P.A. and Kenneth Wilkinson, Respondents,
Norman G. Hamill and Patricia Hamill, Intervenors-Appellants.
 No. 80-5046.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 Sept. 4, 1981.
 Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Sherwin P. Simmons, William Kalish, Gary Teblum, Tampa, Fla., for intervenors-appellants.
 Charles E. Brookhart, James F. Miller, Attys., Tax Div. Dept. of Justice, Washington, D.C., Gilbert E. Andrews, Chief, Appellate Section, M. Carr Ferguson, Asst. Atty. Gen., Dept. of Justice, Tax Division, Washington, D.C., for petitioners-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before TJOFLAT, HATCHETT and THOMAS A. CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a district court order enforcing two summonses issued by the Internal Revenue Service (IRS) pursuant to its authority under section 7602 of the Internal Revenue Code of 1954 (as amended), 26 U.S.C. § 7602 (1976). We find the appeal to be moot and therefore dismiss.
 
 
 2
 * The Internal Revenue Service was investigating possible tax violations of Norman and Patricia Hamill, appellants herein. Pursuant to that investigation, the Service issued third-party summonses to Donald Sweet, one of the Hamills' accountants, and Kenneth Wilkinson, Norman Hamill's attorney, to testify and produce records relevant to the Hamills' activities. Under section 7609(b) of the Code, 26 U.S.C. § 7609(b) (1976), the subject of a third-party summons may stay compliance of the summons and, if necessary, intervene in any proceedings to enforce it. The Hamills, exercising their rights under this section, stayed compliance.
 
 
 3
 On September 5, 1979, the Service petitioned the district court for enforcement of the summonses. The Hamills intervened, arguing that the court should refuse enforcement because the IRS issued the summonses to aid it in an exclusively criminal investigation of the Hamills' tax activities or, in the alternative, because the IRS issued the summonses to harass the Hamills. See United States v. LaSalle National Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). The district court rejected the argument and ordered Sweet and Wilkinson to comply with the summonses. The Hamills then appealed.
 
 
 4
 The Hamills immediately moved the district court to stay its order pending resolution of the appeal; the district court, however, denied the motion. The Hamills next moved this court to stay the enforcement order; we granted a one-month stay. When the stay expired, Sweet and Wilkinson complied with their respective summonses, with one minor exception, which we will discuss below. Under the law of this circuit, this compliance rendered the case moot. United States v. First American Bank, 649 F.2d 288 (5th Cir. 1981); United States v. Carpenter, 425 F.2d 264 (5th Cir. 1970); Baldridge v. United States, 406 F.2d 526 (5th Cir. 1969); Grathwohl v. United States, 401 F.2d 166 (5th Cir. 1968). But see United States v. Friedman, 532 F.2d 928 (3d Cir. 1976).
 
 
 5
 The Hamills and the IRS, in a joint letter to the court, nonetheless advance two reasons why the case should not be considered moot. The first reason is that although Wilkinson, in response to the summons, appeared before the IRS in February, 1980, his appearance was "continued," and he is subject to recall by the IRS. The second reason is that the issues in this case are also present in other IRS summons enforcement proceedings pending against the Hamills. We do not think either of these circumstances restores vitality to the otherwise mooted case.
 
 
 6
 We consider first the effect of IRS's continuance of Wilkinson's court-ordered appearance to produce records and testify. The IRS and the Hamills argue that the continuance means Wilkinson has not fully complied with the summons and, therefore, that our resolution of this appeal will determine whether the IRS will be able to have Wilkinson conclude his testimony. We find, however, that Wilkinson's initial, legally compelled appearance before the IRS was compliance with the enforcement order. The order only required Wilkinson to appear with records and to testify on a given date. Wilkinson did this. That the IRS was not satisfied with his testimony, and therefore "continued" his appearance, does not mean Wilkinson has not fully complied with the order. If the IRS construed Wilkinson's performance as a refusal to comply with the enforcement order, it could have initiated contempt proceedings.
 
 II
 
 7
 We turn now to the parties' second argument why the case is not moot. The IRS, in addition to the two summonses at issue in this appeal, issued five other summonses, which are now in varying stages of the enforcement process. The issues in this appeal are also present in the other enforcement proceedings, and the parties represent that a resolution of these issues now will, "for all intents and purposes," be dispositive of the same issues in the other enforcement proceedings. The parties do not, however, suggest that these matters cannot be raised in an appeal from a district court order enforcing one or more of the other summonses. Further, if they are subjected to criminal indictment, the Hamills may seek to suppress at trial the use of the evidence obtained pursuant to the enforcement order now under consideration. Thus, the questions raised in this appeal are certainly not ones that will, if mooted here, evade review. See United States v. First American Bank, 649 F.2d at 289. As we are convinced that the controversy before us is moot, the appeal is DISMISSED.