**UNITED STATES of America and Gilbert Ledger, Revenue Officer, Internal Revenue Service, Plaintiffs-Appellees,**

v.

**Richard A. SHERLOCK, Defendant-Appellant.**

No. 83–3488.

United States Court of Appeals, Fifth Circuit.

April 8, 1985.

Joe Alfred Izen, Jr., Houston, Tex., for defendant-appellant.

Glenn L. Archer, Jr., Charles E. Brookhart, John A. Dudeck, Jr., Michael L. Paup, Chief, Appellate Sec., Gayle P. Miller, Tax Div., Washington, D.C., for plaintiffs-appellees.

Before JOHNSON and HILL, Circuit Judges, and HINOJOSA *, District Judge.

* District Judge of the Southern District of Texas, sitting by designation.

JOHNSON, Circuit Judge:

Richard A. Sherlock appeals from the district court's dismissal of contempt proceedings against Sherlock. On appeal, Sherlock asserts that information was obtained from him by the Internal Revenue Service in violation of Sherlock's privilege against self-incrimination. The Government responds that Sherlock's claim of privilege is moot because Sherlock complied with the summons at issue in this appeal. This Court agrees that Sherlock's claim is moot, and therefore, the instant appeal is dismissed.

## I. *Background*

This case arises out of an IRS investigation of Sherlock for his failure to file income tax returns for taxable years 1974–81. Sherlock is a self-employed salesman. The investigating agent assigned to Sherlock's case issued a summons directing Sherlock to appear before the agent and give testimony. The summons also directed Sherlock to produce books and records. Sherlock appeared before the agent but refused to answer any questions, asserting his privilege against self-incrimination "on every question." Record Vol. 2 at 14. In addition, Sherlock brought with him a paper bag, arguably containing the requested documents; but Sherlock refused on fifth amendment grounds to let the agent examine them. Dissatisfied with Sherlock's response to the summons, the agent sought enforcement of the summons in federal district court.

Sherlock filed a *pro se* motion to dismiss the enforcement proceedings. After two hearings before a magistrate, the district court denied Sherlock's motion to dismiss, adopted the recommendations of the magistrate, and entered an order enforcing the summons. That order was not appealed.

Sherlock obtained counsel and counsel moved to set aside the district court's order. That motion was denied. In accordance with the enforcement order, Sherlock appeared before the IRS agent, with counsel, but Sherlock refused to produce books or records, and he refused to answer numerous questions on fifth amendment grounds.

The Government then filed a motion to hold Sherlock in contempt. A hearing was held and Sherlock gave "in camera" testimony relating to the validity of his fifth amendment privilege claim. The district court ruled that Sherlock did not have a valid fifth amendment claim and ordered that Sherlock comply with the summons or be held in contempt. Sherlock then complied with the summons by answering the Government's questions and producing the requested documents as directed by the district court. The district court held the matter open pending the Government's review of the sufficiency of Sherlock's responses. The Government decided not to seek further testimony from Sherlock and filed a motion to dismiss the contempt proceedings, which was granted. Sherlock appeals from the dismissal.

## II. *Discussion*

 The Government claims that Sherlock's claim of fifth amendment privilege is moot because Sherlock complied with the summons when faced with contempt orders. Sherlock disagrees, arguing that the Government continues to benefit from the material he gave them under coercion. This Court finds that Sherlock's appeal is moot.

This Circuit has found appeals to be moot when the taxpayer has complied with an IRS summons prior to appeal. *See, e.g., United States v. Sweet,* 655 F.2d 54 (5th Cir.1981); *United States v. First American Bank,* 649 F.2d 288 (5th Cir.1981); *United States v. Carpenter,* 425 F.2d 264 (5th Cir.1970); *Baldridge v. United States,* 406 F.2d 526 (5th Cir.1969); *Grathwohl v. United States,* 401 F.2d 166 (5th Cir.1968); *Lawhon v. United States,* 390 F.2d 663 (5th Cir.1968).[1]

---

**1.** *Cf. United States v. First State Bank of Clute,* 626 F.2d 1227 (5th Cir.1980) (finding a challenge to the constitutionality of a summons proceeding not moot, but frivolous); *Federal Trade*

*Lawhon* and *First American Bank* both involved situations where the taxpayer was claiming that compliance with an IRS summons would infringe on the taxpayer's constitutional rights. The thrust of both those cases is that the taxpayer can reassert the constitutional issue if the Government seeks to introduce the allegedly unconstitutionally obtained information into evidence in a subsequent criminal trial. As this Court has stated:

> This motion, in effect, seeks to have this Court give an advisory opinion as to the admissibility in evidence of the records or their product in the event of a subsequent criminal trial. Such event may not occur. This court passes no judgment on the question whether, if the mooted records are used in a subsequent prosecution of the taxpayers, if there be one, their introduction would be forbidden as violating the constitutional rights of the defendants.

*Lawhon*, 390 F.2d at 663; *First American Bank*, 649 F.2d at 289. That rationale applies equally in the instant case.

In a case on all fours with the immediate case, the Seventh Circuit has found the privilege issue moot. *United States v. Porter*, 711 F.2d 1397 (7th Cir.1983). That court stated:

> Respondents claim that, even though they have surrendered each of the summoned items, ... their Fifth Amendment claims with respect to the surrendered items are not moot. This court and other circuits, however, have flatly held that a taxpayer's submission of material in compliance with an IRS summons renders any constitutional objections to that compelled submission moot.

*Id.* at 1399–400 (citing this Court's decision in *First American Bank*). *Accord EEOC v. St. Regis Paper Co.*, 717 F.2d 1302 (9th Cir.1983); *United States v. Trails End Mo-*

*tel, Inc.*, 657 F.2d 1169 (10th Cir.1981); *United States v. Equity Farmers Elevator*, 652 F.2d 752 (8th Cir.1981); *Kurshan v. Riley*, 484 F.2d 952, 953 (4th Cir.1973); *United States v. Lyons*, 442 F.2d 1144 (1st Cir.1971). *But see United States v. Friedman*, 532 F.2d 928 (3rd Cir.1976) (appeal not moot where taxpayer has complied with court order because Government may possibly use records against taxpayer in a subsequent criminal proceeding); *FTC v. Browning*, 435 F.2d 96, 97 n. 1 (D.C.Cir. 1970) (appeal not moot because records remain in the possession of the FTC and appellant Browning would be entitled to their return).

Sherlock cites *United States v. Doe*, —— U.S. ——, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), and *Pillsbury Company v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983), among other cases, in support of his contention that this appeal is not moot. While *Doe* might be helpful to Sherlock if this Court reached the merits of his privilege claim, nothing in either *Doe* or *Pillsbury* requires reevaluation of this Circuit's established precedent that an appeal is moot once the taxpayer has complied with a summons. Furthermore, nothing Sherlock points out to this Court raises any issue which revives the moot privilege claim in this case.[2]

## III. *Conclusion*

Since Sherlock complied with the summons in the instant case, his appeal is moot. Sherlock is not prohibited from attempting to reassert his privilege against self-incrimination in the event the Government attempts to use the information obtained against Sherlock in a subsequent proceeding. Consequently, Sherlock's appeal is

DISMISSED.

*Commission v. Gibson Products, Inc.*, 569 F.2d 900 (5th Cir.1978) (finding that compliance with summons did not moot appeal when further relief was available from appellate court through order to return subpoenaed documents and to forbid use of documents in ongoing adjudication).

2. Sherlock also claims that he is entitled to attorney's fees under the Equal Access to Justice Act. Sherlock is not the prevailing party either at trial or on appeal. Consequently, he is not entitled to an award of attorney's fees.