S.R. MERCANTILE CORPORATION, Petitioner–Appellee,

v.

Andrew MALONEY, Respondent–Appellee,

v.

Harold WAPNICK, Appellant.

No. 1367, Docket 90–6026.

United States Court of Appeals, Second Circuit.

Argued May 22, 1990.

Decided July 20, 1990.

Morgan Kennedy, New York City, for appellant.

Barry Michael Okun, New York City (Sandy A. Wald, Rosenman & Colin, New York City, of counsel), for petitioner-appellee S.R. Mercantile Corp.

Arthur P. Hui, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for respondent-appellee Maloney.

Before VAN GRAAFEILAND, MESKILL and WALKER, Circuit Judges.

MESKILL, Circuit Judge:

In this appeal the primary issue is whether the circumstances warrant imposition of costs and attorney's fees on appellant Harold Wapnick and his attorney, Morgan Kennedy, pursuant to Fed.R.App.P. 38. Wapnick appeals from an order of the United States District Court for the Eastern District of New York, Raggi, J., directing the United States Attorney for that district to deliver to petitioner S.R. Mercantile Corp. (Mercantile) certified copies of documents that belong to Wapnick. We conclude that (1) the appeal is moot, and (2) the frivolous nature of this appeal warrants imposition of double costs and attorney's fees on Wapnick and Kennedy.

## BACKGROUND

Mercantile initiated this proceeding under Fed.R.Crim.P. 6(e) to obtain from the United States Attorney copies of documents seized by the Internal Revenue Service (IRS) from appellant Wapnick. Mercantile wishes to use the documents in state court litigation involving Mercantile and Wapnick.

The state court action began after Wapnick, the former accountant for Mercantile's president, Shimon Wolkowicki, entered a confession of judgment against Mercantile. The confession of judgment allegedly was signed by Wolkowicki. Mercantile moved to vacate the judgment on the basis that Wolkowicki's signature was not genuine and that, if it was, it had been fraudulently induced by Wapnick, Wolkowicki having signed the judgment form in blank. To prove this contention, Mercantile sought from Wapnick any documents signed in blank evidencing debts to Wapnick or his family, *i.e.*, similar act evidence. Wapnick could not produce any documents because the IRS had seized all the papers in his office pursuant to a search warrant. Mercantile then sought copies of the doc-

uments from United States Attorney Maloney's office, but that office refused to produce them unless Wapnick consented or a federal court ordered disclosure. When Wapnick refused to consent to disclosure, Mercantile commenced the present proceeding by order to show cause.

The district court held two hearings on the issue of disclosure in January 1990. An attorney accompanied Wapnick to the first hearing but did not participate, and Wapnick appeared *pro se* at the second. At the first hearing, the government informed the court that the documents Mercantile was seeking were not grand jury materials governed by Fed.R.Crim.P. 6(e) because, even though a grand jury had been convened to hear charges against Wapnick, the materials had not been seized pursuant to a grand jury subpoena and had not been shown to the grand jury.

At the second hearing, the court considered two claims by Wapnick: (1) the government could not disclose the documents because they constituted tax return information under 26 U.S.C. § 6103, and (2) the Privacy Act, 5 U.S.C. § 552a(b), prohibited disclosure. The district court ruled from the bench that the Internal Revenue Code provision was inapplicable, and that a balancing of interests under the Privacy Act permitted the government to disclose documents signed on behalf of Mercantile, but not those signed by third parties. Wapnick consented on the record to this limited disclosure.

Wapnick filed a notice of appeal from the district court's ruling one day before the court entered its written order.[1] He then moved in the district court for a stay pending appeal. The stay was denied. The government then provided certified copies of the documents specified in the district court's order to both Wapnick and Mercantile. Wapnick appealed the district court's denial of the stay, and this Court dismissed that appeal as moot. Wapnick now challenges the merits of the district court's ruling.

---

1. Wapnick's premature filing of his appeal does not deprive this Court of appellate jurisdiction. *See Matarese v. LeFevre,* 801 F.2d 98, 105 (2d

## DISCUSSION

Wapnick argues that the district court improperly ordered the government to disclose his documents for four reasons: (1) the documents constituted tax return information; (2) the documents constituted grand jury material; (3) the documents were seized unlawfully because the IRS searched in areas outside the scope of the search warrant; and (4) disclosure of the material would violate Wapnick's Fifth Amendment privilege against self-incrimination. Reasons (3) and (4) were not presented to the district court. We need not reach any of these issues because the appeal is moot.

### A. *Appellate Jurisdiction*

#### 1. Mootness

■ Wapnick asks us to hold that the government may not produce his documents to Mercantile. We decline to consider this issue because we clearly lack jurisdiction to grant the requested relief. "[A] case becomes moot ' "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam) (citations omitted). No live controversy regarding the propriety of disclosure exists in this case because the government already has disclosed the documents in question pursuant to the district court order. *See C & C Prods., Inc. v. Messick,* 700 F.2d 635, 637 (11th Cir.1983) ("At this point, it is too late for this court to prevent the release of the materials. [A third party] gained access to the confidential documents; no order from this court can undo that situation."); *see also United States v. Sherlock,* 756 F.2d 1145, 1146–47 (5th Cir.1985) (appeal of order directing taxpayer to comply with IRS summons moot when appellant had complied with the order by disclosing documents); *United States v. Deak–Perera Int'l Banking*

Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).

*Corp.,* 610 F.2d 89 (2d Cir.1979) (per curiam) (same). Further, even if we were to frame the issue as whether Mercantile may use the documents in the state court action rather than whether the United States Attorney may disclose them, *see Gluck v. United States,* 771 F.2d 750, 753–54 (3d Cir.1985), the action is still moot. Mercantile's attorneys have submitted affidavits stating that the documents in question already have been introduced into evidence in the state court proceeding. Wapnick has not provided us with any sworn statement to the contrary. Therefore, we assume that the documents have been received in evidence.

### 2. Absence of a Final Order

■ Wapnick attempts to challenge the government's compliance with the district court's order. He claims that the government disclosed to Mercantile documents outside the scope of the order. We lack jurisdiction to consider this claim because Wapnick never challenged the government's compliance in the district court, and therefore no final order exists on this issue that we may review. *See* 28 U.S.C. § 1291.

### B. *Costs and Attorney's Fees*

■ Mercantile has moved for sanctions of double costs and attorney's fees pursuant to Fed.R.App.P. 38 on the ground that Wapnick's appeal is frivolous. We recently noted that, "[a]lthough a party [that] loses in the district court has the right to pursue any and all bona fide arguments upon appeal, the right to an appeal does not grant a party a license to clog the appellate docket by advancing meritless arguments for the sole purpose of harassing the prevailing party and subjecting it to undue time and expense." *Rodriguez Alvarez v. Bahama Cruise Line, Inc.,* 898 F.2d 312, 317 (2d Cir.1990). The conduct of Wapnick and his attorney in this case is a textbook example of abuse of the appellate process, and therefore we have no hesitation in granting Mercantile's motion for sanctions.

■ The appeal is frivolous principally for two reasons. First and foremost, Wapnick consented on the record in the district court to the United States Attorney's disclosure of documents signed on behalf of Mercantile. Wapnick maintains that he reserved his right to object to the disclosure, but our review of the record indicates that this is nothing more than a belated attempt to retract an express consent:

> THE COURT: ... I gather everybody agrees including you, Mr. Wapnick, that [Mercantile's attorney] can have back the documents that have his client's name on them.
>
> MR. WAPNICK: No question about it.
>
> . . . .
>
> THE COURT: ... I am going to have the government give petitioner all of the documents that [Mercantile] may have signed.
>
> MR. WAPNICK: Okay.

It was on this basis that the district court entered its order "[o]n consent of all parties present." Despite his consent, Wapnick went to the clerk's office to file his notice of appeal before the district court even had an opportunity to enter a written order. We cannot condone such abusive conduct, which clearly "put the appellee to [the] heavy expense required to analyze the record, brief the issues and argue the case." *Bank of Canton, Ltd. v. Republic Nat'l Bank of New York,* 636 F.2d 30, 31 (2d Cir.1980) (per curiam).

Second, the specter of mootness arose as soon as the government provided copies of Wapnick's documents to Mercantile. Nevertheless, Wapnick's appellate brief does not even address the issue. Mercantile and the government argued the point at great length in their briefs, yet Wapnick's attorney declined the opportunity to respond to it in a reply brief. Failure to discuss an issue as central as appellate jurisdiction when there is an obvious question regarding it amounts to a "reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir.1987) (defining standard for imposition of sanctions on attorney under Rule 38); *see Brady v. Chemical Constr. Corp.,* 740 F.2d 195, 202 (2d Cir.1984) (appellant's brief ignored signifi-

cant facts and issues and discussed tangential and irrelevant matters).

In addition, several other facts persuade us that sanctions are warranted. Wapnick's brief, for instance, is devoted to frivolous arguments on the merits. Even if we give Wapnick the benefit of the doubt and find a hint of a valid issue in his claim that the documents are tax return information, sanctions still would be appropriate because the bulk of his claims are completely devoid of merit. *See Granado v. Commissioner*, 792 F.2d 91, 94 (7th Cir.1986) (per curiam) (sanctions imposed even though one issue was not frivolous because brief as a whole devoted to frivolous questions), *cert. denied*, 480 U.S. 920, 107 S.Ct. 1378, 94 L.Ed.2d 692 (1987). The documents obviously do not constitute grand jury materials, the disclosure of which is restricted by Fed.R.Crim.P. 6(e). Rule 6(e) does not prohibit disclosure of materials that do not reveal the inner workings of a grand jury. *See United States v. Phillips*, 843 F.2d 438, 441 (11th Cir.1988); *Senate of the Commonwealth of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582 (D.C.Cir.1987); *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960). The documents that the government disclosed were not shown to the grand jury and therefore could not reveal any aspect of the grand jury's investigation. Wapnick's remaining arguments were not even raised in the district court, and therefore we normally would refuse to consider them even if the case were not moot. *See Schmidt v. Polish People's Republic*, 742 F.2d 67, 70 (2d Cir.1984).

During oral argument Wapnick's counsel made representations to the Court that he knew or should have known were untrue. For example, Kennedy stated that the government's disclosure was improper because the district court stayed its order pending appeal. This was patently untrue. The district court denied the stay and we dismissed Wapnick's appeal from that ruling as moot. Kennedy also maintained that none of the documents in question had been admitted into evidence in the state court proceeding. When questioned as to the basis of his knowledge, Kennedy responded that Wapnick had informed him of this fact. Kennedy never contacted the attorney representing Wapnick in state court or checked the state court record. As noted above, Mercantile has provided us with sworn statements that the documents were admitted into evidence on May 9, 1990. We accept this representation as true in the absence of any statement under oath to the contrary. Kennedy's blatant misstatements of the record make sanctions particularly appropriate. *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1052 (9th Cir.1985).

Similarly, the papers submitted by Wapnick and his attorney in response to Mercantile's motion for sanctions are entirely inappropriate. Kennedy submitted an affidavit that violates several basic principles. First, Kennedy seems to have abandoned any attempt to represent his client on the sanctions issue. After revealing that he and Wapnick are having a dispute regarding fees and noting that "[a]ttorneys fees may be assessed against the client, or his attorney, or both," Kennedy states that his affidavit "represents my individual Due Process right to protect my own property. Mr. Wapnick is submitting an affidavit, separately, in general response to [Mercantile's] motion." These representations are a breach of Kennedy's duty "to serve his client loyally and competently, without allowing his own financial interests to influence his action." *Soliman v. Ebasco Servs., Inc.*, 822 F.2d 320, 323 (2d Cir.1987), *cert. denied*, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). Second, the affidavit indicates that Kennedy presented the two arguments that were not raised in the district court solely because Wapnick insisted that they be included in the brief on appeal. Kennedy maintains that Wapnick refused to pay him unless these arguments were presented. This explanation is unsatisfactory. It is the lawyer's responsibility to weed out those arguments that have no basis·in law. Failure to live up to this duty places unnecessary strain on opposing parties and unjustifiably burdens a busy appellate court. Third, in his affidavit, Kennedy reveals statements made by staff counsel

during settlement negotiations in our Civil Appeals Management Program (CAMP). Discussions in CAMP conferences are confidential and are not to be revealed to members of the Court. *See* U.S. Court of Appeals Rules, Second Circuit, *Guidelines for Conduct of Preargument Conference,* 28 U.S.C.A. Rules Pamphlet, Pt. 1, at 189–90 (1990). We have cautioned repeatedly that disclosure of these discussions to the Court is highly improper. *See, e.g., Soliman,* 822 F.2d at 324; *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.,* 608 F.2d 928, 929–30 (2d Cir.1979) (per curiam), *cert. denied,* 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980). *See generally* Kaufman, *New Remedies for the Next Century of Judicial Reform: Time as the Greatest Innovator,* 57 Fordham L.Rev. 253, 261–64 (1988) (discussing CAMP and the confidentiality of conferences). This flagrant violation of our well established rule provides an additional basis for imposing sanctions.

Kennedy asks that we award him $100 for the time he spent responding to Mercantile's motion. Needless to say, that motion is denied.

Wapnick submitted his own response to Mercantile's motion after oral argument. Instead of an affidavit, however, Wapnick submitted his own unsigned summary of Shimon Wolkowicki's (Mercantile's president) testimony in the state court proceeding. The summary was designed, according to Wapnick, to show that Wolkowicki had lied in affidavits submitted to the state court. These matters are utterly irrelevant to the issue whether Mercantile is entitled to costs and attorney's fees, and indeed to any other issue in this appeal. This submission represents yet another abuse of the appellate process.

Accordingly, we award to Mercantile (1) double costs of the appeal, and (2) $1,000 as attorney's fees. Wapnick shall be liable for the double costs, and his attorney, Morgan Kennedy, shall be liable for the attorney's fees.[2] *See Bartel Dental Books Co. v. Schultz,* 786 F.2d 486, 491 (2d Cir.), *cert.*

*denied,* 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 713 (1986). The appeal is dismissed as moot.

---

2. We refrain from imposing a heavier sanction against Kennedy only because of his financial situation. Kennedy states in his affidavit that he "own[s] a co-op, and [has] about $1,000 in available bank funds. [He has] no other assets."