**In the Matter of the Arbitration Between LAKE UTOPIA PAPER LIMITED, Petitioner-Appellee,**

**and**

**CONNELLY CONTAINERS, INC., Respondent-Appellant.**

**No. 127, Docket 79–7414.**

United States Court of Appeals, Second Circuit.

Argued Sept. 12, 1979.

Decided Oct. 1, 1979.

Harry P. Begier, Jr., Philadelphia, Pa. (Whitman & Ransom, New York City, Cozen, Begier & O'Connor, Philadelphia, Pa., of counsel), for respondent-appellant.

Bob D. Mannis, New York City (J. Paul McGrath, John Patrick Deveny, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel), for petitioner-appellee.

Before MULLIGAN, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Leonard B. Sand, *Judge,* confirming an arbitration award in favor of petitioner-appellee, Lake Utopia Paper Limited, a New Brunswick, Canada corporation and against respondent-appellant Connelly Containers, Inc., a Pennsylvania corporation. The question raised on appeal is whether the United States Arbitration Act confers jurisdiction on the district court to confirm the award. We hold that it does and we affirm substantially on the opinion of Judge Sand below.

Claiming that the appeal is frivolous, appellee asks that pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38 Connelly be assessed double costs, reasonable attorneys' fees for this appeal, and interest at

the rate of 13.77 percent. In support of this request, appellee states in its brief:

> The District Court's opinion as to the frivolous nature of Connelly's contentions is clear. At the pre-argument conference in connection with this appeal, moreover, Connelly was advised by Staff Counsel that in Counsel's opinion the appeal was baseless and should be dropped. Connelly has disregarded the opinions of both the District Court and Staff Counsel.

Appellee's brief at 12. The inclusion of such information in a brief is highly improper and will not be condoned.

The pre-argument conference alluded to took place in accordance with the Civil Appeals Management Plan, which has been adopted by this Circuit to expedite the processing of civil appeals. The Plan has the force and effect of a local rule and provides in pertinent part as follows:

> 5. *Pre-Argument Conference* . . .
>
> a) In cases where he may deem this desirable, the staff counsel may direct the attorneys to attend a pre-argument conference to be held as soon as practicable before him or a judge designated by the Chief Judge to consider the possibility of settlement, the simplification of the issues, and any other matters which the staff counsel determines may aid in the handling or the disposition of the proceeding.

Chief Judge Kaufman, in discussing *The Pre-Argument Conference: An Appellate Procedural Reform*, 74 Col.L.Rev. 1094, 1098 n. 14 (1974), explained that the Second Circuit has made the choice of having pre-argument conferences held by a Staff Counsel rather than a judge for two reasons:

> To further both practical objectives and the interests of justice, the Judicial Council provided for the use of Staff Counsel rather than judges to conduct pre-argument conferences.

The result of this choice is that:

> CAMP has insulated the judges from pre-argument conferences. The panel which may ultimately hear an argument is never informed about the conduct of counsel at the conference.

To ensure that all participants are aware of the ground rules, the following notice is posted on the door of the room where pre-argument conferences take place.

## CIVIL APPEALS MANAGEMENT PLAN (CAMP) PRE–ARGUMENT CONFERENCES

A pre-argument conference is for the purpose of considering the possibility of settlement, the simplification of the issues, and any other matters which the Staff Counsel determines may aid in the handling or the disposition of the proceeding.

If there is any pertinent matter which counsel wishes to be raised, he/she may raise it at the conference.

The conference itself is held by the Staff Counsel under the rules of the Court of Appeals for the Second Circuit.

The normal format for the conference involves the appellant indicating the error below and the reasons why there should be a change in the judgment being appealed. Thereafter, the appellee normally indicates the basis for his/her position.

The conference itself is informal and *all matters discussed are confidential to the parties at the conference, and are not reported to any Judge of the Court.* The only report that is made is that there was a pre-argument conference held and what the result was. *Any notes taken during the conference are confidential and are likewise not available to the Judges.*

*Whatever views Staff Counsel expresses are his own and are not the result of any prior discussion with the Judges nor are they discussed following the conference.*

Attorneys appearing at a pre-argument conference are required to have authority to do whatever is necessary to accomplish the purpose of the conference.

You are responsible to advise all the other attorneys in this case of the date, time, and place of the conference, and of all the foregoing. If they have any ques-

tions, they are welcome to [telephone Staff Counsel's office].

*OPINIONS CONCERNING MERITS OF APPEALS EXPRESSED BY STAFF COUNSEL ARE HIS OWN, NEITHER INFLUENCED BY NOR COMMUNICATED TO ANY MEMBER OF THE COURT.*

(Emphasis added.)

It is essential to the proper functioning of the Civil Appeals Management Plan that all matters discussed at these conferences remain confidential. The guarantee of confidentiality permits and encourages counsel to discuss matters in an uninhibited fashion often leading to "settlement, the simplification of the issues and [the resolution of] any other matters which the staff counsel determines may aid in the handling or the disposition of the proceeding." Civil Appeals Management Plan Rule (5)(a). If participants cannot rely on the confidential treatment of everything that transpires during these sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program which has led to settlements and withdrawals of some appeals and to the simplification of issues in other appeals, thereby expediting cases at a time when the judicial resources of this Court are sorely taxed.

In bringing to our attention a comment made by Staff Counsel about the merits of this appeal, appellee's counsel has committed a serious breach of the confidentiality essential to the purposes of pre-argument conferences. While we have great respect for the knowledge and experience of Staff Counsel we are not entitled to know, nor are we interested in learning, his opinion on the merits of any appeal. He will not voluntarily communicate it to us and we deplore any compromising of the confidentiality of those comments by counsel for a party to the appeal.

We deny the request for damages and award no costs.