James T. CLARK, Plaintiff–Appellant,

v.

STAPLETON CORPORATION,
a corporation dba Stapleton
Ladder Co., Defendant,

and

R.E.L. Products, Inc., a corporation,
Defendant–Appellee.

No. 91–3263.

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1992.

---

See also 772 F.Supp. 1181.

motion to reconsider the clerk's order of January 17, 1992 and is denied.

Paul D. Post of Paul D. Post, P.A., Topeka, Kan., for plaintiff-appellant.

David R. Buchanan of Brown & James, P.C., Kansas City, Mo., for defendant-appellee.

Before SEYMOUR and BRORBY, Circuit Judges.

PER CURIAM.

Appellant has filed an objection to a motion for an extension of time filed by appellee. In the objection, counsel for appellant recounts remarks made by opposing counsel at a settlement conference held pursuant to 10th Cir.R. 33.1. This disclosure violates our rule that "... statements and comments made during a conference shall be confidential and shall not be disclosed to the court ... by counsel...." 10th Cir.R. 33.1.

We agree with the Second Circuit that the guarantee of confidentiality is essential to the proper functioning of an appellate settlement conference program. *Lake Utopia Paper v. Connelly Containers*, 608 F.2d 928, 930 (2d Cir.1979). We also agree that revealing statements or comments made at a settlement conference is a serious breach of confidentiality. *Id.* For our conference program to be successful, participants must trust that matters discussed at a conference will not be revealed to the judges. Counsel for appellant is admonished for violating the non-disclosure requirement of our rule. Future violations of this rule may subject counsel to sanctions.

Appellant's objection to appellee's motion for an extension of time is construed as a