**PUEBLO OF SAN ILDEFONSO, a federally recognized Indian Tribe, on behalf of itself and on behalf of the Board of County Commissioners of the County of Los Alamos, Plaintiff–Appellant,**

v.

**Daniel RIDLON, individually; Regents of the University of California–Los Alamos National Laboratory, dba Los Alamos National Laboratory, Defendants–Appellees.**

No. 95–2197.

United States Court of Appeals,
Tenth Circuit.

July 22, 1996.

424

Before BRORBY and LUCERO, Circuit Judges.

## ORDER

BRORBY, Circuit Judge.

This matter comes before the court on an Order to Show Cause why the attorney for defendant Daniel Ridlon, Stephen D. Aarons of the Aarons Law Firm, P.C., Santa Fe, New Mexico, should not be sanctioned for failing to respond to telephone calls from this court's Settlement Conference Office and for failing to appear at an in-person settlement conference scheduled for March 15, 1996. For the reasons stated, we conclude sanctions should indeed be imposed, and the appropriate sanction under the circumstances is admonishment.

### I

■ On October 26, 1995, a settlement conference was conducted pursuant to 10th Cir.R. 33.1 by an attorney-mediator employed by this court's Settlement Conference Office. The attorney-mediator also telephoned Mr. Aarons on December 20, 1995,

January 12, 1996, January 24, 1996, February 5, 1996, and February 16, 1996, but Mr. Aarons failed to return those calls.[1] On March 5, 1996, the Settlement Conference Office scheduled an in-person conference for March 15, 1996 for Mr. Aarons, but Mr. Aarons did not appear. We issued our order to show cause on June 3, 1996. Mr. Aarons filed a response on June 7, 1996. With the confidential material redacted, the response, in its entirety, states as follows:

This letter is in response to an *Order* to show cause issued from your office on 3 June 1996. The order alleges my failure to respond to five (5) telephone calls from the court's settlement attorney and for failing to appear for an in-person settlement conference on March 15, 1996. Please be advised that I did respond to telephone calls from [the attorney-mediator] and mailed the enclosed letter on 11 March 1995 explaining why I could not attend that conference.

. . . .

Frankly I was surprised by the order for my client and I to appear alone, without the other parties, for an in-person settlement conference in Denver. It appeared to be a strong-arm tactic against my client, having ... to make a fruitless trip.... In frustration I sent the enclosed letter to [the attorney-mediator] seeking relief from such tactics. It takes more than one party to settle, and as I explained in the letter, I would not be able [to] make the time requested on such short notice....

I heard nothing back from my letter.... I assumed the settlement conference attorney had closed his settlement file....

(Emphasis in original.) The Settlement Conference Office has no record of having received the March 11, 1996 letter Mr. Aarons

---

1. The content of settlement discussions is strictly confidential. 10th Cir.R. 33.1; *Clark v. Stapleton*, 957 F.2d 745, 746 (10th Cir.1992) (per curiam) ("[T]he guarantee of confidentiality is essential to the proper functioning of an appellate settlement conference program."). Mr. Aarons has nevertheless disclosed certain information regarding the content of settlement discussions in the response to the order to show cause. We would ordinarily view such disclosure as a serious violation of the rule of confidentiality. *Clark,* 957 F.2d at 746. However, in this case it appears the disclosure was necessary in order to respond to our order to show cause. Accordingly, we find no violation of the rule of confidentiality, but we will recuse ourselves from participating in any further proceedings on the merits of this appeal. We caution, however, that we make no determination as to the exact scope of confidentiality nor do we establish a basis for counsel to disclose such matters in the future.

supposedly submitted, either by mail or by fax. However, the log from the Settlement Conference Office's fax machine indicates that something was faxed from counsel's office to the Settlement Conference Office, but that the item was not received. Despite the fact Mr. Aarons received no response to his March 11, 1996 letter, he neither contacted the Settlement Conference Office by telephone, nor did he appear for the March 15, 1996, settlement conference.

## II

■ Settlement conferences are governed by Fed.R.App.P. 33, which provides:

The court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement.

By its terms, Fed.R.App.P. 33 allows this court to delegate its authority to conduct settlement conferences to "other person[s] designated by the court for that purpose." See also Fed.R.App.P. 33 Advisory Committee Note on the 1994 Amendment ("The rule allows a judge or other person designated by the court to preside over a conference. A number of local rules permit persons other than judges to preside over conferences." (Citing, inter alia, 10th Cir.R. 33)). We have specifically authorized our Settlement Conference Office, and the attorney-mediators who work in that office, to conduct, schedule, and otherwise handle settlement conferences. 10th Cir.R. 33.1 ("Conferences will be conducted by the conference director who may permit or require clients to attend with counsel."). Inasmuch as the Settlement Conference Office and its attorney-mediators are delegates of this court and the judges thereof, any orders or other communications issued by the Settlement Conference Office or its attorney-mediators should be treated as if they had been issued by the court itself. Furthermore, we have made it clear that "[t]he court may impose sanctions for the failure of counsel or a party to comply with the provisions of [10th Cir.R. 33.1] or with orders entered pursuant thereto." Id.

■ Viewed in this light, Mr. Aarons should have treated the attorney-mediator's telephone calls as official communications from the Tenth Circuit Court of Appeals, and should have done our attorney-mediator the courtesy of responding to him with the same degree of promptness and respect we hope he would have accorded to a member of this court. Mr. Aarons also should have regarded the March 5, 1996 order scheduling the in-person conference for March 15, 1996, just as he would have viewed any other scheduling order issued by this court. Furthermore, if Mr. Aarons was unable to attend the in-person conference, he should have contacted and obtained relief from the Settlement Conference Office. If this failed, he should have followed the same procedure used to obtain an extension of time for performing any other act ordered by this court, that is, he should have moved for and obtained an enlargement of time pursuant to Fed.R.App.P. 26(b) ("The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time").

Mr. Aarons' performance fell well short of these standards. His failure to perform with the degree of professionalism, respect for this court, and careful attention to his client's interests is worthy of reprimand. Mr. Aarons is therefore **ADMONISHED** for his behavior. He is further advised that failure to comply with future directives issued by our Settlement Conference Office or the attorney-mediators employed therein will result in monetary sanctions. We wish to make it clear, however, that nothing in this order is intended to reflect ill upon Mr. Aarons' client, Mr. Ridlon.