**John DOE, et al., Plaintiff,**

v.

**STATE OF NEBRASKA,
et al., Defendants.**

**No. 4:CV95–3381.**

United States District Court,
D. Nebraska.

Jan. 28, 1997.

Charles J. Bentjen, Charles Bentjen, Lincoln, NE, David M. Mumgaard, D. Milo

Mumgaard, Lincoln, NE, for John Doe and Mary Doe.

Karen B. Flowers, McHenry, Flowers Law Firm, Lincoln, NE, Charles J. Bentjen, Charles Bentjen, Lincoln, NE, for JNT By and Through John Doe his next friend.

Royce N. Harper, David R. Tarvin, Jr., Attorney General's Office, Lincoln, NE, for State of Nebraska.

Royce N. Harper, David R. Tarvin, Jr., Attorney General's Office, Lincoln, NE, Julie A. Jorgensen, Nebraska Dept. of Social Services, Lincoln, NE, for Department of Social Services.

Royce N. Harper, David T. Bydalek, Attorney General's Office, Lincoln, NE, Paul D. Kratz, McGill, Gotsdiner Law Firm, Omaha, NE, Cecile A. Brady, Nebraska Dept. of Social Services, Lincoln, NE, for E. Benjamin Nelson, Don Leuenberger, Sandy Thompson, Patricia Squires and Daryl Wusk,

Lincoln/Lancaster Mediation Center, Lincoln, NE, pro se.

Mark D. McGuire, McGuire, Norby Law Firm, Lincoln, NE, pro se.

### MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

This matter is presented upon the motion of the defendants for additional time to respond to the pending motion of plaintiffs seeking sanctions against the defendants for failing to have authorized representatives appear at the court-ordered mediation in this case, as ordered. Defendants state that they cannot adequately respond to the motion for sanctions unless they are given guidance from the court on the parameters of the confidentiality provisions of the Mediation Plan in effect in this district.

The Mediation Plan provides in pertinent parts:

Except as may be specifically provided herein, the mediation session shall be conducted in accordance with the Nebraska Dispute Resolution Act, *Neb.Rev.Stat.* §§ 25–2901, et seq., as existing at the time

of the mediation proceedings. (*Plan*, Para. 4(c)).

The mediation session(s) constitute settlement negotiations. Notwithstanding the provisions of Rule 408, *Fed.R.Evid.*, all statements, whether written or oral, made *only* during the course of the mediation proceeding shall be deemed to be confidential and shall not be admissible in evidence for *any* reason in the trial of the case, should the case not settle. (*Plan*, Para. 4(d)) (Emphasis in original).

Information about the substance of the parties' agreement shall not be provided without their consent. *Plan*, Para. 4(e).

The order referring the case to mediation provides in pertinent part:

3. Except as otherwise provided herein, all parties, any insurance company having an interest, and their counsel, are ordered to attend all mediation sessions scheduled by the mediation center or the mediator. At least one such person for each party and insurance company shall have full settlement authority.[1] Such persons and entities are further ordered to participate in and prepare for the mediation in objective good faith. Such persons or entities are warned that the court may impose sanctions, including, but not limited to, dismissal of a claim or defense, monetary sanctions, or such other sanctions as may be appropriate, in the same manner that a party or a lawyer might be sanctioned under Fed.R.Civ.P. 16(f) should such persons or entities fail to comply with this order in objective good faith.

---

1. This requirement contemplates the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. Any insurance company that is contractually required to defend or to pay damages, within policy limits, or which has a subrogation interest must also have a fully authorized settlement representative present. "Full settlement authority" means:

(a) for a defendant, the representative must have authority, in the representative's discretion, to pay a settlement amount up to plaintiff's last prayer, or up to plaintiff's last demand, whichever is lower; (b) for a plaintiff, such representative must have final authority, in the representative's discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to defendant's last offer, whichev-

er is higher; (c) for a client which is controlled by a group, like a board of directors, the representative must have the authority to settle for the group as described above; (d) for an insurance company with a defense or indemnity obligation, the representative must have final settlement authority to commit the company to pay, in the representative's discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower; (e) for an insurance company with a subrogation interest in the recovery of party, the representative must have final settlement authority to commit the company to settle, in the representative's discretion, by dismissal of the interest with prejudice, or to accept a settlement amount down to the opponent's last offer, whichever is lower.

*The purpose of this provision is to have a person present who can settle the case during the mediation without consulting someone else who is not present.*

*Mediation Reference Order,* filing 55. (Emphasis in original).

As pointed out by defendants, *Neb.Rev. Stat.* § 25–2914, in effect at the time of this mediation, provided:

Any verbal, written, or electronic communication made in or in connection with matters referred to mediation which relates to the controversy or dispute being mediated and agreements resulting from the mediation, whether made to the mediator, the staff of an approved center, a party, or any other person attending the mediation session, shall be confidential. Mediation proceedings shall be regarded as settlement negotiations, and no admission, representation, or statement made in mediation, not otherwise discoverable or obtainable, shall be admissible as evidence or subject to discovery. A mediator shall not be subject to process requiring the disclosure of any matter discussed during mediation proceedings unless all the parties consent to a waiver. Confidential communications and materials are subject to disclosure when all parties agree in writing to waive confidentiality regarding specific verbal, written, or electronic communications relating to the mediation session or the agreement. This section shall not apply if a party brings an action against the mediator or center, if the communication was made in furtherance of a

crime or fraud, or if this section conflicts with other legal requirements.

Defendants seek clarification on whether disclosure of the limits of authority possessed by a party's representative(s) at a mediation session may be "confidential" information protected from disclosure. It is not.

## DISCUSSION

■ The need for confidentiality in mediation is simply the need for the parties and their representatives to have an open, candid discussion about the dispute, the legal strengths and weaknesses of the case, and any proposals for settlement. If any comments about the dispute made during the negotiation process were later to be construed as admissions, or even to be used to show bias, as permitted in *Fed.R.Evid.* 408, the posturing of the parties in the negotiations could well reduce or eliminate any likelihood of settlement, or even serious negotiation, for the parties would be extremely cautious about advancing a settlement proposal that might be used against them. Thus, they may never get beyond their "positions," even if they both may genuinely want to settle their dispute.

Therefore; the drafters of the Nebraska Dispute Resolution Act and this court's Mediation Plan included provisions to protect the parties' interests in a frank, direct discussion of settlement possibilities by making those discussions confidential. That confidentiality is specifically limited, however, to statements made ". . . which relate[ ] to the controversy or dispute being mediated and agreements resulting from the mediation. . . ." Sec. 25–2914. The limits of a representative's authority do not "relate" to the "controversy or dispute being mediated," but rather, to the representative's ability to mediate. The statutory language contemplates that by the time of the mediation the parties' actions which gave rise to the "controversy or dispute" have been largely, if not totally, completed, or at least the positions of

the parties in the dispute have been firmly established; it is historical. By contrast, the mediation process focuses on what, if anything, to do about it, instead of having a court decide the legal issues; it is forward looking.

The Mediation Plan adopted by this court does not contain the limiting language quoted above from the statute. The Plan's language in Paragraph 4(d) merely distinguishes the provisions of *Fed.R.Evid.* 408, which, without it, would allow introduction of statements made during negotiations when offered for "another purpose" than proving "liability for or invalidity of the claim or its amount." The rule lists, as examples, "such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.* The Plan's language, while it could be clearer, does not contradict that of the statute. In light of the statute's limiting language and the Plan's incorporation of the Dispute Resolution Act, I conclude that the limiting language applies to the Plan as well. Such a conclusion is consistent with the intention to provide confidentiality to statements which a party might otherwise attempt to use as evidence during a trial; disclosing the limits of the negotiating authority of a party's representative at a mediation would have no relevance in a trial of the underlying dispute.[1]

■ What about an adversary hearing concerning a motion for sanctions arising from a failed mediation session? The representatives' respective authority could well be relevant in such a proceeding, as could the nature of the parties' offers and counteroffers to compromise and settle. The Plan's language in this instance is more restrictive than that of the statute, by providing that statements made during mediations "shall not be admissible in evidence for *any* reason *in the trial of the case,* should the case not settle." (Para.4(d)) (first emphasis in original). This language also does not explicitly

---

1. This is consistent with the additional provision in the statute that ". . . no admission, representation, or statement made in mediation, *not otherwise discoverable or obtainable,* shall be admissible as·evidence or subject to discovery." *Neb.* *Rev.Stat.* § 25–2914. The limits of a representative's settlement authority would certainly not be "discoverable or obtainable" in the normal course of litigation.

**1308**

conflict with the language of the statute, but merely qualifies it further. However, to the extent that it does conflict with the statute, it is within the exceptional provision of Paragraph 4(c) of the Plan, quoted above. Neither the language of the statute nor that of the Plan, therefore, precludes the admission or consideration of evidence related to the parties' settlement proposals, in a proceeding concerning a motion for sanctions such as is pending before me.

There is a very important caveat, however. Obviously the protections of the confidentiality provisions would be undermined if they could be circumvented by filing a motion for sanctions and the confidential information could later be used in the litigation in any way against either of the parties. To assure that does not happen, the evidentiary materials, briefs, and recording of any hearings held in connection with the motion for sanctions will be kept under seal and will not be made available to the presiding trial judge.[2] If, after consideration of those materials, there is reason to question whether the undersigned magistrate judge can be impartial in considering later matters in this case, a motion for recusal may be in order. Since I have not seen or heard any of those matters at this time, however, consideration of recusal is premature.

IT THEREFORE HEREBY IS ORDERED:

1. The parties are given until February 14, 1997 to file evidentiary materials, if any, in connection with the motion for sanctions, filing 57. The clerk shall file all of such materials under seal and direct them to the office of the undersigned.

2. Defendants are given until February 21, 1997 to submit their brief in opposition to the motion for sanctions.

---

**2.** Portions of the plaintiffs' complaint seek injunctive relief, which is, of course, triable to the court without a jury.