Donna WILLIS, Plaintiff,

v.

Darrell V. McGRAW, Jr., Defendant.

No. CIV.A. 2:96–0579.

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 18, 1998.

Benu Rellan, Kurt E. Entsminger, Lamp, O'Dell, Bartram & Entsminger, Huntington, WV, for Plaintiff.

David P. Cleek, Marilyn T. McClure, McQueen, Harmon, Potter & Cleek, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to enforce a reputed settlement. The Court previously set this matter down for a hearing. After carefully reviewing the parties' filings, however, the Court concludes a hearing is unnecessary, deems the issue submitted on the briefs and affidavit of record, and **DENIES** Plaintiff's motion.[1]

The Court previously referred this matter to mediation pursuant to *Rule* 16.6, *Local Rules of Civil Procedure.* The pertinent provision of *Rule* 16 provides as follows:

> *(f) Confidentiality.*—All proceedings of the mediation conference, including any statement made by any party, attorney or other participant, shall be privileged and not reported, recorded, placed in evidence, made known to the assigned judicial officer or jury, or construed for any purpose as an admission against interest. No party shall be bound by anything done or said at the mediation conference unless a settlement is reached, in which event the agreement upon a settlement shall be reduced to writing and shall be signed by all parties to the agreement.

*Id.*

The provisions of *Rule* 16.6 were crafted to facilitate at least two salutary ends. First, the mediation program was designed to aid in the amicable resolution of civil actions without the time and expense associated with a trial. Second, the Rule was drafted to ensure confidentiality, to reassure the parties and counsel they would suffer no prejudice, perceived or actual, as a result of the full, frank, conciliatory, and sometimes heated, exchanges that occur inevitably during the mediation process.

In sum, while seeking to encourage amicable dispute resolution, the mediation process is one whose vitality and success depends upon a minimum of Court involvement and interference. In the analogous setting of

---

1. The Court further **DENIES** as moot Plaintiff's motion to continue the previously scheduled hearing.

preargument conferences in the courts of appeal, the court in *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.,* 608 F.2d 928 (2d Cir.1979) observed as follows:

> It is essential to the proper functioning of the Civil Appeals Management Plan that all matters discussed at these conferences remain confidential. The guarantee of confidentiality permits and encourages counsel to discuss matters in an uninhibited fashion often leading to "settlement, the simplification of the issues and (the resolution of) any other matters which the staff counsel determines may aid in the handling or the disposition of the proceeding." Civil Appeals Management Plan Rule (5)(a). If participants cannot rely on the confidential treatment of everything that transpires during these sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program which has led to settlements and withdrawals of some appeals and to the simplification of issues in other appeals, thereby expediting cases at a time when the judicial resources of this Court are sorely taxed.

*Id.* at 930; *see also Doe v. State of Nebraska,* 971 F.Supp. 1305, 1307 (D.Neb.1997).

■ At least one court has taken the requirement of secrecy so far as to levy substantial sanctions against an attorney who revealed to the court certain settlement offers that had been exchanged during the process. *Bernard v. Galen Group, Inc.,* 901 F.Supp. 778 (S.D.N.Y.1995). The case is instructive here, given its examination of a confidentiality provision materially identical to *Rule* 16.6(f). *Id.* at 779.[2]

■ Based on these considerations, a bright-line rule is appropriate to assure the salutary purposes of *Rule* 16.6 are achieved: the Court will not involve itself under any

circumstances in sorting out disagreements amongst the parties emanating from the mediation process. Accordingly, Plaintiff's motion to enforce settlement is **DENIED.**

good faith under the circumstances.

---

**2.** Sanctions are not appropriate here. The Court is satisfied counsel for the Plaintiff was acting in