1999 UT App 172

John F. LYONS, Plaintiff and Appellee,

v.

Robert L. BOOKER, Defendant and Appellants.

No. 981609–CA.

Court of Appeals of Utah.

May 21, 1999.

Before WILKINS, P.J., DAVIS and JACKSON, JJ.

WILKINS, Presiding Judge:

¶ 1 Appellant has filed a motion to enforce a settlement agreement, or in the alternative for return of monies paid in settlement. In so doing, counsel for appellant has filed a motion, a memorandum in support of the motion, and an affidavit of one of appellant's attorneys, making detailed and specific reference to discussions conducted during mediation with the appellate mediation office of this court.

1. Motion to enforce settlement agreement

¶ 2 The court of appeals does not hear or consider new evidence, as granting appellant's motion would require. Historically, when faced with an issue such as the one presented here by appellant, the court simply denies the motion, allowing the party that seeks to enforce the purported agreement to pursue separate legal action. This may include a motion to stay the pending appeal while an action to enforce the settlement agreement is pursued in the trial court. In this instance, however, the order of this court requiring the parties to engage in mediation appears to have confused the parties as to the court's role in enforcement of any settlement agreement reached between the parties. We take this opportunity to clarify our role.

¶ 3 The court does not, through the appellate mediation office or otherwise, insist that parties settle their differences. The court hears appeals, and decides them on the merits. Beginning in January 1998, as a service to those bringing appeals to this court, we began referring some appeals to the appellate mediation office on a case-by-case basis by specific order of the court. This order requires the parties to participate in the initial mediation conference with the appellate mediator, who is an employee of the court skilled in both mediation techniques and in appellate practice. The purpose of the mandated mediation is to encourage parties to consider mutually agreeable terms to settle their disputes. Doing so decreases the time required to resolve the matter when compared with the full appellate review process, and often results in a more satisfying result for all concerned. The appellate mediator assists the parties in expressing their various points of view about the dispute, and tries to reflect possible areas of mutual agreement to the parties. However, it is the parties themselves who identify the terms of a mutually agreed settlement. If settlement is agreed to, the parties are required to reduce the agreement to writing, and execute a mutual stipulation of dismissal before the appeal is considered resolved by the court. If the parties are unable, within a reasonable period of time, to reach a mutual agreement to settle the case, the matter is removed from the appellate mediation office and continues on the normal appeal course until resolved by decision of the court.

¶ 4 Occasionally, as appears to have happened here, the parties are not successful in completely resolving the matter when engaged in the mediation process with the assistance of the court's appellate mediator. Here, the parties apparently failed to execute a signed agreement of settlement before partial payment of the purported settlement changed hands. One party allegedly agreed and now disagrees with the terms thought to have been agreed to by the other. The parties find themselves in the unenviable position of having created an additional dispute on top of the previously existing one.

2. Order of remand

¶ 5 On our own motion, IT IS HEREBY ORDERED that the case is remanded to the trial court for consideration of appellant's motion to enforce settlement

agreement or in the alternative for return of monies paid in settlement, to be considered in proceedings consistent with the restrictions set forth hereafter.

### 3. Stay of appeal

¶ 6 In addition, on our own motion, since such a settlement agreement, if it exists between the parties as alleged, would moot this appeal, IT IS HEREBY ORDERED that the appeal is stayed pending outcome of the proceedings in the trial court. The trial court shall promptly forward notice of its action to this court upon completion of those proceedings.

### 4. Procedure on remand

 ¶ 7 In the course of proceedings on remand, pursuant to the prior order of this court, neither counsel nor parties may disclose to *any* court, in argument, briefs, *or otherwise,* statements or comments made during the initial mediation conference or in related discussions involving the appellate mediator thereafter. We interpret this prohibition to apply equally to notes or other memoranda of such statements or comments. This restriction applies with equal force to the appellate mediator in the unlikely event that she should be asked to participate in any way in the proceedings on remand.[1]

### 5. Revised moving papers

¶ 8 To that end, counsel for appellant is ordered to prepare, within ten days of this order, a revised motion and supporting papers for filing with the trial court that do not contain any matter prohibited by the orders of this court.

### 6. Court of Appeals file to be partially sealed, and panel of judges recused from further proceedings in this case

¶ 9 The existing motion and moving papers shall be sealed by the clerk of the court of appeals, subject to further order of this court, and the judges hearing this motion, having reviewed the moving papers in ques-

tion, are recused from further proceedings in this case.

### 7. Sanctions for violation of court's orders

¶ 10 The order of this court dated December 4, 1998, by which this matter was ordered into pre-hearing mediation, includes the following provision:

> Statements and comments made during the [mediation] conference and in related discussions are confidential and shall not be disclosed to any court in argument, briefs, or otherwise by [the appellate mediator], counsel, or the parties.

This exact language has been included in each order for pre-hearing mediation conference issued by this court to date.

 ¶ 11 We agree with the Tenth Circuit that the "guarantee of confidentiality is essential to the proper functioning of an appellate settlement conference program" and "revealing statements or comments made at a settlement conference is a serious breach of confidentiality," and of our order. *Clark v. Stapleton Corp.,* 957 F.2d 745, 746 (10th Cir.1992) (internal citation omitted). We also agree that for our appellate mediation program to be successful, "participants must trust that matters discussed at a conference will not be revealed to the judges." *Id.* Counsel for appellant is admonished for violation of the non-disclosure requirement of our order. Future violations of this order may subject counsel to more severe sanctions.

¶ 12 Dated this 21st day of May, 1999.

---

1. Additionally, a statutory bar against such disclosure by the appellate mediator, enacted by the 1999 Utah Legislature as Utah Code Ann. § 78–2a–6, becomes effective July 1, 1999.