Martin J. DAVIS, Plaintiff,

v.

**KANSAS CITY FIRE & MARINE INS. CO., Defendant.**

No. 98–CV–0982–H.

United States District Court, N.D. Oklahoma.

July 11, 2000.

Donald Mitchell Bingham, Douglas Allen Wilson, Karen Eileen Langdon, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Gary L. Richardson, Keith Allen Ward, Charles Loy Richardson, Richardson & Ward, Tulsa, OK, for plaintiffs.

James Keith Secrest, II, Edward John Main, Secrest, Hill & Folluo, Tulsa, OK, for defendants.

## ORDER

HOLMES, District Judge.

This matter comes before the Court upon United States Magistrate Claire V. Eagan's Corrected Report and Recommendation filed June 12, 2000.

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), any objections to the Corrected Report and Recommendation must be filed within ten (10) days of the receipt of the report. The time for filing objections to the Corrected Report and Recommendation has expired, and no objections have been filed.

Based on a full review of the Corrected Report and Recommendation of the Magistrate Judge, the Court hereby adopts and affirms the Report and Recommendation of the Magistrate Judge.

IT IS SO ORDERED.

EAGAN, United States Magistrate Judge.

## CORRECTED REPORT AND RECOMMENDATION

The Court has referred to the undersigned for report and recommendation the notification of possible violation of Local Rule 16.3(E). Specifically, the undersigned was asked to conduct such proceedings as were necessary to determine if there has been a violation of the Local Rules and, if so, to recommend an appropriate course of conduct by the Court. (*See* Dkt. # 23.)

## BACKGROUND

1. Plaintiff, Martin J. Davis ("Davis"), filed a Chapter 13 bankruptcy proceeding in United States Bankruptcy Court for the Northern District of Oklahoma. *In re Davis,* Case No. 97–02774–R (the "Bankruptcy Case").

2. Intervenors, Clesta and Jeff Darnaby ("Intervenors") were plaintiffs in a civil action filed in Tulsa County District Court, Case No. CJ–97–2997 (the "State Court Case"), wherein Intervenors claimed that Davis harmed the Intervenors during the course of attempting to provide psychological treatment to Clesta Darnaby.

3. Intervenors were unsecured creditors in the Bankruptcy Case. In an order entered in the Bankruptcy Case, the automatic bankruptcy stay was lifted to allow Intervenors to pursue the State Court Case to determine the amount, if any, of any liability Davis might have to Clesta Darnaby.[1] It was further ordered that if, in the State Court Case, it was decided that Davis has a liability to Clesta Darnaby, she would be allowed to proceed to collect that amount only to the extent of any insurance coverage which Davis might have for such liability. (*See* Dkt. # 3, Ex. B.)

4. Davis filed this case seeking a declaration that the professional liability policy issued by Defendant, Kansas City Fire & Marine Insurance Company, provided coverage for the claims in the State Court Case.

5. This Court stayed this case pending disposition of the State Court Case. However, a settlement conference was ordered to be held, with notification to Davis' attorney in the State Court Case.

6. On December 30, 1999, a settlement conference was held under the auspices of this Court's settlement program, with the goal of attempting to resolve both the tort claims pending in the State Court Case and the coverage claims in this case. As part of the settlement process, the parties submitted settlement conference statements pursuant to the Settlement Conference Order. The settlement conference was conducted but settlement was not achieved.

7. On January 28, 2000, Davis filed a Motion to Reconsider or, In the Alternative, Vacate Order to Abstain [sic].[2] The Motion was filed not by Davis' counsel of record, but by his attorneys in the State Court Case. (*See* Dkt. # 15.) Appended to the motion was a copy of Intervenors' settlement conference statement.

---

1. Although Intervenors were both named plaintiffs in the State Court Case, the order lifting the automatic stay related to Clesta Darnaby only.

2. This Court never abstained. A stay of proceedings is not equivalent to abstention.

8. The settlement conference statement was also appended to motions filed in the Bankruptcy Case and the State Court Case.

9. Intervenors filed a motion to strike the motion to reconsider (Dkt. # 17) and a motion for sanctions (Dkt. # 18).

10. On February 8, 2000, Davis filed a notice of withdrawal of the motion to reconsider (Dkt. # 19). Based on the notice of withdrawal, this Court denied intervenors' motions as moot. (Dkt. # 20).

11. As a result of a jury verdict favorable to Davis in the State Court Case, a Stipulation of Dismissal was filed in this case on March 14, 2000 (Dkt. # 22).

12. In April 2000, this Court received notification that Local Rule 16.3(E) may have been violated.

### REVIEW

The Settlement Conference Order entered in this case provides that settlement conference statements are to be submitted to the Adjunct Settlement Judge, to the undersigned, and to all counsel of record, and cautions:

> They *must not be filed.*
>
> ***
>
> Neither the settlement conference statements nor communications of any kind occurring during the settlement conference can be used by any party with regard to any aspect of the litigation or trial of the case. Strict confidentiality shall be maintained with regard to such communications by both the settlement judge and the parties.
>
> ***
>
> Upon certification by the Settlement Judge or Adjunct Settlement Judge of circumstances showing non-compliance with this order, the assigned trial judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the court to be appropriate under the circumstances.

(*See* Dkt. # 12, ¶¶ 8, 9, 13) (emphasis in original).

The Local Rules of this District relating to confidentiality of the settlement process are statutory in origin:

> Until such time as rules are adopted under chapter 131 of this title [28 U.S.C.A. § 2071 et seq.] providing for the confidentiality of alternative dispute resolution processes under this chapter [28 U.S.C.A. § 651 et seq.], each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications.

28 U.S.C. § 652(d). The Local Rules governing the settlement process include:

> To encourage candor, the confidential nature of settlement discussions conducted under the auspices of a court-sponsored settlement conference will be absolutely respected by all participants, and strictly enforced by the court.... Any statement made in the context of the settlement conference will not constitute an admission and will not be used in any form in the litigation or trial of the case.

N.D. LR 16.3(E).

> In the event a party, attorney, insurer, or indemnitor fails to comply with the settlement conference order or participate in good faith in any court-sponsored alternative dispute resolution proceeding, the settlement judge may certify such circumstances in writing to the assigned district court judge and recommend appropriate action. All parties shall be served with copies of the certification and be afforded an opportunity to respond. The court may then impose any remedial, compensatory, disciplinary, contempt or sanction measures it deems appropriate under the circumstances certified.

N.D. LR 16.3(J).

The undersigned set for hearing the issue of possible violation of the Local Rules. Steven E. Holden and Bruce A. McKenna were directed to attend (*see* Dkt. # 24) because, although they have not entered an appearance in this case, they were Davis' counsel in the State Court Case, and they filed the offending pleadings.

Prior to the hearing, Davis' counsel filed a pleading entitled "Brief In Opposition to Intervenors' Motion for Sanctions" (Dkt. # 28). Although the motion for sanctions had already been denied as moot and the hearing was set on possible violation of Local Rules, the pleading was Bruce McKenna's explanation and purported justification for his conduct. In essence, he argues that: it was proper to attach the settlement conference statements to a motion filed of record because the settlement conference statement itself expressed an intent contrary to the bankruptcy order lifting the automatic stay; he "withdrew" the offending motion (although he acknowledges that it and the settlement conference statement are still of record in the public file and he has taken no steps to have it placed under seal);[3] and he conferred with other members of the Bar known for extensive experience or for expertise in ethics, who unanimously concurred that the settlement conference statement itself expressed an improper intent.

■■■ The hearing on possible violation of the Local Rules was held on May 30, 2000, and a transcript is filed of record. Bruce McKenna appeared; Steven Holden did not.[4] The filing of the settlement conference statement is a clear violation of Local Rule 16.3(E), which is absolute and contemplates no exceptions.[5] During the hearing, Mr. McKenna acknowledged that he was aware of Local Rule 16.3 when he attached the settlement conference statement to his motion. (Trans. at 7.) Mr. McKenna admitted that he did not file the motion without Mr.

Holden's knowledge and approval. (*Id.* at 3.) The motion was filed by the firm Holden, Glendening & McKenna and appeared to be signed by Mr. McKenna. (*See* Dkt. # 15.) The brief in support of the motion was filed by the same firm and signed by Mr. McKenna. (*See* Dkt. # 16.) The notice of withdrawal of the motion was filed by the same firm and signed by Mr. McKenna. (*See* Dkt. # 19.)[6] The undersigned proposes a finding that the filing of the settlement conference statement is a violation of Local Rule 16.3(E) by Steven E. Holden, Bruce A. McKenna, and the firm Holden, Glendening & McKenna.

The guarantee of confidentiality is essential to the proper functioning of a settlement conference program. *See Clark v. Stapleton Corporation,* 957 F.2d 745, (10th Cir.1992); *Lake Utopia Paper, Ltd. v. Connelly Containers, Inc.,* 608 F.2d 928, 930 (2d Cir.1979). The filing of record of settlement conference statements is the ultimate breach of confidentiality. It is a further violation to use confidential settlement conference statements to gain an advantage in the litigation. Clearly, the motion to reconsider and appended settlement conference statement were utilized in an attempt to persuade this Court to lift its stay in this case and proceed to determine the coverage issues in the event of an adverse jury verdict in the State Court Case.[7]

If participants in the settlement process cannot rely on the confidentiality of what occurs in the process, and must wonder when

---

3. The motion and attachments (Dkt. # 15) are hereby ordered *sua sponte* to be placed under seal. The undersigned recommends that counsel request similar action in the Bankruptcy Case and the State Court Case.

4. Mr. Holden called the undersigned's chambers requesting that he not be required to appear, and stating that Mr. McKenna "wrote the motion and will be appearing." Mr. Holden's non-appearance is a side issue that would merely distract from the seriousness of the violation of the Local Rules. Suffice it to say Mr. Holden has since advised the undersigned that he believed he had permission not to appear. The point here is that the mere writing of the motion does not determine ultimate responsibility for violation of the Local Rules.

5. There are ways to bring issues to the Court's attention without violating the Local Rules. Mr. McKenna acknowledged one such alternative at the hearing. (*See* Trans. at 12.)

6. The original Report and Recommendation filed June 9, 2000 may have incorrectly identified the signators to these pleadings because it appears that someone other than Mr. McKenna signed Mr. McKenna's name to the motion to reconsider, which caused confusion as to which signature was his. The signator to the motion to reconsider remains a mystery.

7. The undersigned notes that the motion to reconsider was filed January 28, 2000; the jury in the State Court Case returned its verdict on February 11, 2000.

their statements will be used for an litigation advantage,

> counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program which has led to settlements . . . and the simplification of issues. . . .

*Lake Utopia,* 608 F.2d at 930. By divulging and using confidential information obtained as a result of this Court's settlement process, counsel have undermined the willingness of future participants to speak candidly. The undersigned proposes a finding that the confidentiality of the settlement process has been compromised.

■ It is not only the filing and use of the settlement conference statement in this case which leads to this conclusion; the filing of the statement in two related cases, the Bankruptcy Case and the State Court Case, are violations of the prohibition against use of confidential statements "in the litigation." N.D. LR 16.3(E). Those two cases are so closely related to this case as to be part of "the litigation." The undersigned proposes a finding that all three public filings constitute a violation of Local Rule 16.3(E).

■ The Court requested the undersigned to recommend an appropriate course of conduct by the Court. Federal Rule of Civil Procedure 16(a) and (f) authorizes the district court to impose just sanctions "if a party or party's attorney fails to participate [in a settlement conference] in good faith." Fed.R.Civ.P. 16(f). This Court is authorized by Local Rule 16.3(J) and the Settlement Conference Order (Dkt. # 12, ¶ 13) to impose sanctions or other measures it deems appropriate under the circumstances. *See Smith v. Norwest Financial Acceptance, Inc.,* 129 F.3d 1408, 1419 (10th Cir.1997).

A well-functioning settlement program is essential to the efficient administration of justice in the federal court system. This District has dedicated a considerable amount of its judicial resources to developing an effective and efficient settlement program. The confidentiality requirements of the Local Rules and the Settlement Conference Order are absolutely necessary to ensure the effectiveness of the program. Violations of those requirements will not be condoned. The undersigned recommends that any course of conduct be designed to deter similar conduct in the future, restore respect for this Court's orders, and repair the damage caused to the integrity of the Court settlement program caused by counsel's action.

Mindful of these goals, the undersigned hereby recommends that the Court impose the following as sanctions for violation of the confidentiality requirements in the Local Rules and the Settlement Conference Order:

1. Steven E. Holden, Bruce A. McKenna, and the firm Holden, Glendening & McKenna be found to have engaged in sanctionable conduct;

2. This Report and Recommendation be published as public notice that this conduct is unacceptable and to further serve as a readily accessible public record should such conduct be repeated;

3. This Report and Recommendation be circulated to all judges of this Court to put them on notice of the conduct of counsel; and

4. Steven E. Holden, Bruce A. McKenna, and the firm Holden, Glendening & McKenna, be required to make a contribution to the Tulsa County Bar Association in the aggregate amount of $1500 ($500 per filing) to be used in connection with a Continuing Legal Education Program.

### *CONCLUSION*

Based on the foregoing, the undersigned proposes findings that Local Rule 16.3(E) was violated by Steven E. Holden, Bruce A. McKenna, and the firm Holden, Glendening & McKenna, that the confidentiality of the settlement process has been compromised, and that all three public filings violate Local Rule 16.3(E). The undersigned recommends a course of action as outlined above. The undersigned orders that the motion to recon-

sider and attachments (Dkt. # 15) be placed under seal by the Clerk of this Court.

### OBJECTIONS

The District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of the *de novo* review, the District Judge will consider the parties' written objections to the Report and Recommendation. A party wishing to file objections must file them with the Clerk of the District Court within ten days after being served with a copy of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *see* also Fed. R.Civ.P. 72(b). **The failure to file written objections may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court.** *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Haney v. Addison,* 175 F.3d 1217 (10th Cir.1999).

Dated this 12th day of June, 2000.