**In the Matter of Marya C. YOUNG, Respondent.**

**No. D–01–0004.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 8, 2001.

Decided May 10, 2001.

Before BAUER, POSNER and ROVNER, Circuit Judges.

Disciplinary Proceeding.

POSNER, Circuit Judge.

This court, like the other federal courts of appeals, has a Settlement Conference Office composed of lawyers who mediate appealed cases in an effort to promote settlement. One of the mediators directed the lawyers for the appellants in this case—who sought to overturn the settlement in a class-action suit filed on behalf of hemophiliacs who had contracted the AIDS virus from contaminated blood solids manufactured by the defendant drug companies—to bring their clients to a settlement conference. The lawyers refused and the case did not settle. Troubled by the lawyers' conduct, on July 11 of last year we directed the one who seemed to be the principal refuser, Marya C. Young, to show cause for her refusal to comply with the mediator's direction, which had been issued under the authority of Fed. R.App. P. 33 and 7th Cir. R. 33. Later, after receiving her response (which disclosed that two other lawyers for the appellants were also involved in the contretemps with the Settlement Conference Office, Ronald R. Benjamin and Sharon McDermott), we affirmed the district court's judgment in a brief unpublished order that makes clear that the appeal was utterly without merit. *In re Factor VII or IX Concentrate Blood Products Litigation*, No. 00–1961, 2000 WL 1716435 (7th Cir. Nov.15, 2000). The order points out that it is "a sequel to our opinion [in the same litigation] reported at 159 F.3d 1016 (7th Cir.1998), and to a subsequent unpublished order reported at 1999 WL 809729 (7th Cir. Oct.7, 1999)," and that "a statement in the published opinion is dispositive of this appeal." Both previous decisions rebuffed attempts identical to that of the present appellants to overturn the class-action settlement. But our disposition of the merits of the appeal left unresolved the issue of professional conduct raised by the defiance of the Settlement Conference Office, to which we now turn.

Rule 33 of the Federal Rules of Appellate Procedure authorizes the court of appeals to "direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including ... discussing settlement. A judge *or other person designated by the court* may preside over the conference" (emphasis added). See also 7th Cir. R. 33. Pursuant to this authorization, we have designated the lawyer-mediators in our Settlement Conference Office as the persons to preside at these conferences. Although settlement negotiations are of course confidential for most purposes, their contents may be revealed insofar as necessary for the decision of an issue of alleged misconduct in them. *Pueblo of San Ildefonso v. Ridlon*, 90 F.3d 423, 424 n. 1 (10th Cir.1996).

From the response to the order to show cause, we learn that the mediator had advised the appellants' counsel that the appeal had no merit—a thoroughly sound prediction based on our two previous decisions in identical cases. He therefore encouraged counsel to recommend to their six clients that they accept the appellees' offer to waive any objection to the appellants' participating in the class-action settlement, participation worth $100,000 to each participant, with attorneys' fees for the appellants' lawyers to be determined by the district court. When the lawyers rejected the appellees' offer, the mediator expressed concern that the lawyers might have a conflict of interest with their clients over the matter of attorneys' fees. The lawyers may have anticipated receiving only paltry fees from the district judge presiding over the class action and be-

lieved that if only they could get the settlement undone they would be able somehow to extract bigger fees from their clients or the defendants. The mediator asked the lawyers to arrange for the clients to meet with him so that he could advise them that refusing the appellees' offer might jeopardize the appellants' receipt of the $100,000 (or any) payments. The lawyers refused to produce their clients on the grounds that the mediator was trying to usurp the lawyers' role and that only the court itself could order them to produce the clients.

 The purpose of authorizing the mediator to command the presence of the client is, of course, to enable him to communicate directly with the client; this is not "usurpation"; and it is particularly appropriate in circumstances where there may be a conflict of interest between lawyer and client. Of course the mediator must not attempt to coerce a settlement, but of such impropriety there is no evidence. The delegation authorized by Fed. R.App. P. 33 obviously extends to directing the lawyer to bring his client to the settlement conference; we do not understand the lawyers even to contend that the mediator cannot compel the lawyers to attend, *Pueblo of San Ildefonso v. Ridlon, supra,* 90 F.3d at 425, and if the lawyers why not the clients, given the language of Rule 33? If the lawyers refuse to obey the mediator's lawful orders, they expose themselves to discipline for unprofessional conduct. *Id.;* see also *Kajioka v. Commissioner,* 883 F.2d 57, 58 (9th Cir.1989)..

The appellants' lawyers may have believed that the presence of their clients would not produce a settlement, but that is a judgment for the mediator to make; that is why he is authorized to require the clients' presence. The lawyers have made no argument that there would have been any hardship to the clients from attending a settlement conference.

The lawyers' refusal to produce their clients in response to the mediator's order was unjustifiable and indeed contumacious. But in view of the novelty in this circuit of the question of the mediator's authority to issue such an order, we have decided not to impose sanctions.