**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

XIANGYUAN (SUE) ZHU,

      Plaintiff-Appellant,

v.

COUNTRYWIDE REALTY
COMPANY, INC.; MARC E.
BUNTING; ROBERT THOMAS;
CANDACE THOMAS,

      Defendants-Appellees.

No. 02-3087
(D.C. No. 00-CV-2290-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Xiangyuan (Sue) Zhu, proceeding pro se, challenges the district court's order adopting the magistrate judge's recommendation to enforce a settlement agreement reached through mediation. We affirm.

The underlying dispute involved a real estate transaction. The parties attended a mediation session with a magistrate judge and reached a settlement agreement on August 13, 2001. They advised the district court that the case was settled and the settlement documents would be executed later. The court closed the case administratively. Ms. Zhu changed her mind about settling and requested leave to reopen the litigation. After a hearing, the magistrate judge recommended that the motion to reopen be denied, the parties be ordered to execute the settlement documents, and the case be dismissed with prejudice if Ms. Zhu failed to execute the documents. After considering Ms. Zhu's objections to the report and recommendation, the district court denied her motion to reopen and directed the parties to execute the settlement documents by January 4, 2002. Thereafter, the court denied two motions to reconsider.

On appeal, Ms. Zhu claims (1) the district court should have separated the mediation program from the court processes, (2) the judgment must be vacated because the referral to the magistrate judge was not effected in accordance with 28 U.S.C. § 636(c), and (3) she is entitled to a jury trial on her claims because the

mediated settlement is unconscionable, the terms of the settlement were never communicated to her, and she did not agree to its terms. [1]

As a threshold matter, we must determine whether the notice of appeal was timely because the timely filing of a notice of appeal is mandatory and jurisdictional. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988). Defendants maintain the time to file a notice of appeal began to run on December 18, 2001, the date of the order denying leave to reopen the case. However, final judgment was not entered until February 26, 2002. The notice of appeal was thus timely filed on March 1, 2002, within thirty days after the judgment was entered. See Fed. R. App. P. 4(a)(1)(A).

Ms. Zhu also challenges jurisdiction. First, she asserts subject-matter jurisdiction is lacking because the federal court did not have power to force her to sign the settlement documents. On the contrary, "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496

---

[1] Ms. Zhu attempted to raise the following additional issues in her reply brief and statement of supplemental authorities: (1) the statute of frauds voided the settlement, (2) the settlement may violate the involuntary servitude clause of the Thirteenth Amendment, (3) opposing counsel's breach of confidentiality voided the settlement, and (4) the mediated settlement improperly required her to waive her minor daughter's rights. We do not address non-jurisdictional issues raised for the first time in a reply brief or subsequent filing. Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000).

(10th Cir. 1993). Next, she claims the district court was without jurisdiction after the mediated settlement was placed on the record because, at that point, the action was terminated administratively. However, the order itself contemplated future actions, such as filing a stipulation of dismissal or a motion to reopen upon good cause. R. Vol. 9, doc. 248. Ms. Zhu further avers that the court lacked personal jurisdiction over her. But by filing this lawsuit, Ms. Zhu waived any claim of a defect in the court's personal jurisdiction over her. See Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986). We thus have jurisdiction.

We review for an abuse of discretion a district court's decision to enforce a settlement agreement. Feerer v. Amoco Prod. Co., 242 F.3d 1259, 1262 (10th Cir. 2001). Upon consideration of the parties' briefs and the district court record, we find no abuse of discretion.

Ms. Zhu contends it was improper for the same magistrate judge to serve as both mediator and magistrate judge recommending that the mediated agreement be enforced. She claims the magistrate judge breached confidentiality by revealing settlement negotiations in addressing her motion to reopen. However, the disclosure was necessary in order to respond to Ms. Zhu's challenge to the settlement agreement. See Pueblo of San Ildefonso v. Ridlon, 90 F.3d 423, 424 (10th Cir. 1996) (finding no violation of confidentiality rule where disclosure necessary to respond to show cause order).

We also reject Ms. Zhu's claim that the district court's orders are void because she did not consent to proceed before a magistrate judge as required by 28 U.S.C. § 636(c). Her consent was not necessary because the magistrate judge acted pursuant to 28 U.S.C. § 636(b)(1)(B), as stated in the November 8, 2001 report and recommendation. [2] See Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000) ("Unlike 28 U.S.C. §636(c)(1), 28 U.S.C. § 636(b)(1)(B) does not require the consent of the parties."). More importantly, Ms. Zhu does not claim the magistrate judge coerced her into a settlement. Therefore, this claim does not provide a ground for relief.

Finally, we address Ms. Zhu's argument that the mediated settlement was unconscionable because the amount she was to receive was inadequate to cover her medical expenses, let alone to compensate her for her loss of wages and earning capacity, pain and suffering, and special expenses. She also claims she is entitled to punitive damages. That Ms. Zhu believes she is entitled to these damages does not mean she would be awarded them by a jury. One purpose of a settlement is certainty in the outcome of the case. We cannot hold that the settlement was unconscionable on the ground that Ms. Zhu later decided she was

[2] The magistrate judge indicated he had jurisdiction "to determine the form of the settlement documentation pursuant to 28 U.S.C. § 636(c)." R. Vol. 11, doc. 327, at 2 n.2. Ms. Zhu does not challenge this determination. Rather, she challenges the magistrate judge's recommendations made pursuant to § 636(b)(1)(B).

-5-

entitled to more money. Instead, we affirm the district court's order to enforce the settlement because the record demonstrates Ms. Zhu was represented by counsel at the mediation conference, she understood the settlement terms, and she agreed to them. R. Vol. 14, doc. 314, at 2, 17; see also id. Vol. 11, doc. 327, at 9 n.5 (clarifying that Ms. Zhu understood the settlement). Moreover, her testimony at the hearing on her motion to reopen did not contradict her earlier statement that she understood and agreed to the settlement, as discussed in the magistrate judge's thorough and comprehensive report and recommendation.

We **AFFIRM** .[3] The mandate shall issue forthwith.


Entered for the Court


Stephanie K. Seymour
Circuit Judge

---

[3] Ms. Zhu's motion for oral argument is denied. Defendants' motion to strike plaintiff's amended certificate of interested parties is denied as moot.