FILED
United States Court of Appeals
Tenth Circuit

March 31, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

RODNEY DEWALT,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 21-1358
(D.C. No. 1:20-CV-02681-WJM-NYW)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Rodney DeWalt, a pro se litigant, appeals the district court's dismissal of his Federal Tort Claims Act ("FTCA") lawsuit for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

This case has its roots in two unsuccessful lawsuits DeWalt previously brought against the city of Overland Park, Kansas. *See DeWalt v. City of Overland Park*, 794

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

F. App'x 804 (10th Cir. 2020) (unpublished).  Frustrated with the federal judges'

disposition of his prior proceedings, DeWalt filed the present action against the United

States asserting three FTCA claims.  He contends the federal judges during his prior

lawsuits committed the following torts: (1) abuse of process, (2) intentional inflection

of emotional distress, and (3) negligence.

DeWalt's present case was initially assigned to a magistrate judge, but, after he

refused to consent to the magistrate judge's jurisdiction, it was reassigned to a district

judge and referred to a magistrate.  The United States filed a motion to dismiss arguing

DeWalt could not establish subject-matter jurisdiction.  The magistrate judge agreed,

recommending the district court grant the Government's motion to dismiss because

DeWalt's first claim was barred by 28 U.S.C. § 2680(h) and his second and third claims

were barred because he failed to show the existence of any private analogues under

Kansas law sufficient to impose liability on a "private individual under like

circumstances."[1]  28 U.S.C. § 2674.  The district court adopted the magistrate judge's

recommendation in its entirety and dismissed DeWalt's complaint for lack of subject-

matter jurisdiction.

DeWalt's first claim of error is the magistrate judge did not have legal authority

to rule on the Government's motion to dismiss because he never consented to the

magistrate's authority.  But the magistrate only recommended a disposition, never

---

[1] The magistrate also recommended dismissing for lack of subject-matter jurisdiction because DeWalt failed to exhaust his administrative remedies. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999).  Because the parties focus on a different, independently sufficient reason for dismissal, we need not decide this issue.

ruling on the motion to dismiss. Ruling on a motion and recommending a ruling on a motion are legally distinct concepts. A district court can, without the parties' consent, ask a magistrate judge to prepare a recommended disposition for a motion to dismiss for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1). Because there was nothing out of the ordinary in the handling of DeWalt's case, we hold DeWalt's first argument is meritless. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000); *Zhu v. Countrywide Realty Co.*, 66 F. App'x 840, 842 (10th Cir. 2003) (unpublished).

Second, DeWalt contends the district court improperly dismissed his complaint for lack of subject-matter jurisdiction. In reviewing DeWalt's brief, we must construe it liberally and hold it to a less stringent standard than briefs drafted by lawyers, but the "court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Under this liberal standard, we hold DeWalt cannot establish subject-matter jurisdiction and, therefore, dismissal was appropriate.

"Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent." *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). Consent to suit is a jurisdictional prerequisite to hearing lawsuits against the Government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017). The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party

3

for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Subject to the exceptions listed in 28 U.S.C. § 2680, the FTCA permits claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). DeWalt bears the burden of proving sovereign immunity has been waived—a burden he has not satisfied. *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

We lack jurisdiction over DeWalt's first claim (abuse of process) because it falls squarely within one of the exceptions reserved by Congress in 28 U.S.C. § 2680. Congress explicitly barred FTCA claims "arising out of . . . abuse of process." *Id.* § 2680(h). When an FTCA claim falls squarely within the parameters of one of the § 2680 exceptions, the Government retains its sovereign immunity—precluding jurisdiction over the claim. *See Garcia v. U.S. Air Force*, 533 F.3d 1170, 1175–76 (10th Cir. 2008).

We also lack jurisdiction over DeWalt's second and third claims (intentional infliction of emotional distress and negligence, respectively). An FTCA claim can only proceed under circumstances "where local law would make a private person liable in tort." *United States v. Olson*, 546 U.S. 43, 44 (2005) (cleaned up). If the plaintiff cannot show that, under state law, a "private individual under like circumstances" could be liable in tort, the plaintiff's claims are jurisdictionally barred. *See Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995); Daniel A. Morris, Federal Tort

4

Claims § 1:6 (2021) ("A claimant's failure to establish analogous private person liability may be held a jurisdictional defect warranting dismissal of a claim under the FTCA."). DeWalt fails to identify any analogous claims under Kansas law where persons acting in like circumstances—adjudicating lawsuits—were held liable for intentional infliction of emotional distress or negligence. This is not surprising because the adjudication of federal lawsuits is a unique activity which we cannot—at least, independently—analogize to any situation a private person may find themselves in. Because DeWalt fails to show the federal judges could have been liable under Kansas law if they had been private individuals, he fails to meet his burden to show Congress consented to this suit. We, therefore, lack jurisdiction to hear DeWalt's claims.

For the reasons stated herein, we AFFIRM the district court's judgment.[2]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Even if the United States consented to DeWalt's suit, his claims would likely be barred by the judicial immunity doctrine. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); 28 U.S.C. § 2674 ("[T]he United States shall be entitled to assert any defense based upon judicial . . . immunity.").